NO. 07-09-00210-CV

 

IN THE COURT OF APPEALS

 

FOR THE
SEVENTH DISTRICT OF TEXAS

 

AT
AMARILLO

 

PANEL B

 



APRIL
29, 2010

 



 

ROBIN HOSEA, APPELLANT

 

v.

 

GEORGE WHITTENBURG AND

 WHITTENBURG, WHITTENBURG, SCHACHTER

 & HARRIS, P.C., APPELLEES



 



 

 FROM THE 47TH DISTRICT COURT OF RANDALL
COUNTY;

 

NO. 57,066-A; HONORABLE HAL MINER, JUDGE



 



 

Before QUINN,
C.J., and CAMPBELL and HANCOCK, JJ.

 

 

OPINION

 

 

Robin Hosea attempts to
appeal from the trial court’s order dismissing for want of prosecution her suit
against her former attorney, George Whittenburg, and
his law firm.  The 47th District Court of
Randall County dismissed her cause on March 23, 2009.  She filed her notice of appeal on June 25,
2009.

            Although neither party has raised a question whether this
Court has jurisdiction, we are obligated to consider, sua sponte, our jurisdiction of a
case on appeal.  See Churchill
v. Mayo, 224 S.W.3d 340, 344 (Tex.App.—Houston
[1st Dist.] 2006, pet. denied); Buffalo Royalty Corp. v. Enron Corp.,
906 S.W.2d 275, 277 (Tex.App.—Amarillo 1995, no
writ).  We do not presume
jurisdiction.  El-Kareh v. Tex. Alcoholic Beverage Comm'n,
874 S.W.2d 192, 194 (Tex.App.—Houston [14th Dist.]
1994, no pet.).  If the record
does not affirmatively demonstrate that we have jurisdiction, we must dismiss
the appeal. Id.; Buffalo Royalty Corp., 906
S.W.2d at 277.

            A timely notice of appeal is necessary to invoke this
Court’s jurisdiction.  See Tex. R. App. P. 25.1; Thomas v. Neal, No. 07-01-00235-CV,
2001 Tex.App. LEXIS
5963, at *2 (Tex.App.—Amarillo Aug. 29, 2001, no
pet.) (per curiam).  Ordinarily, a notice of appeal must be filed
within thirty days of the date the appealable order is signed.  See Tex.
R. App. P. 26.1.  If the appellant
timely files, inter alia, a motion to
reinstate, the deadline is extended, and the appellant must file his or her
notice of appeal within ninety days of the date the trial court signed the
appealable judgment.  Tex. R. App. P. 26.1(a).  Following a dismissal for want of
prosecution, a party must file a verified motion to reinstate within thirty
days after the order of dismissal for want of prosecution.  Tex.
R. Civ. P. 165a(3).

            It has become fairly well-established that an unverified motion to reinstate does not
extend the trial court’s plenary jurisdiction and does not extend the time in
which to file a notice of appeal.  See
Butts v. Capitol City Nursing Home, Inc., 705 S.W.2d 696, 697 (Tex.
1986) (refusing writ of error because appellate court properly dismissed appeal
for want of jurisdiction because the unverified motion to reinstate did not
extend the time for perfecting appeal); see also McConnell v. May,
800 S.W.2d 194, 194 (Tex. 1990) (per curiam); Twist
v. McAllen Nat’l Bank, 294 S.W.3d 255, 260 (Tex.App.—Corpus
Christi 2009, no pet.).

            Hosea’s motion to reinstate was unverified.[1]  As such, under the Butts/McConnell
rule, it failed to extend the time in which she could timely file her notice of
appeal.  Based on the record before us,
then, she had until April 23, 2009, to file her notice of appeal; she filed her
notice of appeal on June 25, 2009.  

            Though the Texas Supreme Court has impliedly frowned on
the Butts/McConnell rule, it has not expressly overruled those
cases.  See Guest, 195
S.W.3d at 688–89 (assuming that Butts and McConnell have
“survive[d]” and citing several cases espousing a reasonable, but liberal,
interpretation of the applicable rules so that the right of appeal is not lost
due to overly technical application of rules). We are duty bound to follow the
Texas Supreme Court's authoritative expressions of law.  See In re K.S., 76 S.W.3d 36,
49 (Tex.App.—Amarillo 2002, no pet.); see also
Swilley v. McCain, 374 S.W.2d 871, 875
(Tex. 1964) (“After a principle, rule or proposition of law has been squarely
decided by the [Texas] Supreme Court, . . . the decision is accepted as a
binding precedent by the same court or other courts of lower rank when the very
point is again presented in a subsequent suit between different
parties.”).  That being so, Butts
and McConnell remain the law under which we and our sister courts are
duty bound to operate.  See Twist, 294 S.W.3d at 262 (applying Butts/McConnell
rule but noting Texas Supreme Court’s ominous language in Guest); Silguero v. State, 287 S.W.3d 146, 149–50 (Tex.App.—Corpus Christi 2009, no pet.) (same); In
re Dobbins, 247 S.W.3d 394, 396 (Tex.App.—Dallas
2008, orig. proceeding) (same); In re Trinity Universal Ins. Co., No.
04-06-00471-CV, 2006 Tex.App. LEXIS 8550, at *5 (Tex.App.—San Antonio Oct. 4, 2006, orig. proceeding) (mem. op.) (same).

            We, too, follow Butts and McConnell to
conclude that the unverified motion to reinstate did not serve to extend the
time in which Hosea could timely file a notice of appeal from the order
dismissing her case for want of prosecution. 
She was, therefore, required to file her notice of appeal within thirty
days of the date the trial court signed the order of dismissal.  Her notice of appeal filed ninety-four days
after that date was untimely and did not operate to invoke our jurisdiction.

            Accordingly, we dismiss this appeal for want of
jurisdiction.

 

 

 

            








                                                                                                Mackey
K. Hancock

                                                                                                            Justice

 











[1] Further, there was no affidavit or anything that could
be said to serve as an effective substitute for verification.  See Guest v. Dixon, 195 S.W.3d
687, 689 (Tex. 2006); Twist, 294 S.W.3d at 260; In re Dobbins,
247 S.W.3d 394, 396–97 (Tex.App.—Dallas 2008, orig. proceeding).  Attached to Hosea’s reply to Whittenburg’s response to her motion to reinstate is her
affidavit.  To the extent a liberal
application of the rules would allow her affidavit to serve as a substitute for
verification, we observe that the reply was filed outside the trial court’s unextended plenary jurisdiction.  See McConnell, 800 S.W.2d at
194; see also Owen v. Hodge, 874 S.W.2d 301, 303 (Tex.App.—Houston [1st Dist.] 1994, no writ) (concluding
that that appellant's verified motion for leave to supplement his unverified motion
to reinstate was filed after the trial court's plenary jurisdiction had expired).