# TEXAS COURT OF APPEALS, THIRD DISTRICT, AT AUSTIN

## NO. 03-13-00190-CV

**Mindy Hamilton, Appellant**

**v.**

**Brooke Bell, Appellee**

### FROM THE DISTRICT COURT OF TRAVIS COUNTY, 250TH JUDICIAL DISTRICT
### NO. D-1-FM-11-006350, HONORABLE TIM SULAK, JUDGE PRESIDING

## M E M O R A N D U M   O P I N I O N

**PER CURIAM**

Brooke Bell filed a motion to dismiss this appeal for lack of jurisdiction, arguing that Mindy Hamilton's notice of appeal is untimely. *See* Tex. R. App. P. 26.1. Hamilton's March 15, 2013 notice of appeal argues that although the judgment in the underlying suit was signed on December 17, 2012, the filing of her motion for new trial and motion for findings of fact and conclusions of law extended her appellate timetable by 90 days. *See* Tex. R. App. P. 26.1(a) (certain postjudgment motions extend time for filing notice of appeal).[1]

Motions for new trial are timely if filed within 30 days after the judgment is signed. Tex. R. Civ. P. 329b(a). Requests for findings of fact and conclusions of law are timely if filed within 20 days after the judgment is signed. Tex. R. Civ. P. 296. Under these rules, Hamilton's

---

[1] Hamilton also filed an amended notice of appeal on March 15, 2013.

deadline for filing her motion for new trial was January 16, 2013, and her deadline for filing her request for findings of fact and conclusions of law was January 7, 2013. *See* Tex. R. App. P. 4; Tex. R. Civ. P. 296, 329b(a). The record reflects that Hamilton e-filed an untimely motion for new trial on January 18, 2013, and an untimely request for findings of fact and conclusions of law on January 9, 2013. Neither filing extended Hamilton's deadline for her notice of appeal, and the time to seek an extension for filing the notice of appeal has expired. *See* Tex. R. App. P. 26.3. After the time for filing a notice of appeal and seeking an extension of time to file the notice of appeal have expired, a party cannot invoke an appellate court's jurisdiction. *See Verburgt v. Dorner*, 959 S.W.2d 615, 617 (Tex. 1997).

Hamilton does not dispute the filing dates that appear in the record, but she filed a response arguing that her post-trial motions and her notice of appeal were timely. None of the cases cited in Hamilton's response provide a basis for concluding that Hamilton timely filed any post-trial motion. Hamilton argues alternatively that Bell's delay in filing the motion to dismiss waived any complaint about Hamilton's untimely filings. However, our appellate rules require a timely notice of appeal to invoke an appellate court's jurisdiction, and the lack of appellate jurisdiction cannot be waived. *See* Tex. R. App. P. 25.1(b); *Brashear v. Victoria Gardens of McKinney, L.L.C.*, 302 S.W.3d 542, 546 (Tex. App.—Dallas 2009, no pet.) ("Appellate jurisdiction is never presumed."); *Twist v. McAllen Nat'l Bank*, 294 S.W.3d 255, 263 (Tex. App.—Corpus Christi 2009, no pet.) (because proper verification was required to extend appellate timetable and affected appellate court's jurisdiction, the defect could not be waived for failure to raise it in the trial court); *United Heritage Corp. v. Black Sea Invs., Ltd.*, No. 10-03-00139-CV, 2005 Tex. App. LEXIS 1280,

2

at *5-7 (Tex. App.—Waco Feb. 16, 2005, no pet.) (mem. op.) (appeal dismissed after briefing because party's motion for new trial and request for findings and conclusions were untimely and failed to extend appellate timetable).

Because Hamilton's March 15, 2013 notice of appeal from the December 17, 2012 judgment is untimely, we lack jurisdiction over this appeal. *See* Tex. R. App. P. 25.1, 26.1; *Verburgt*, 959 S.W.2d at 617. We grant Bell's motion and dismiss this appeal for want of jurisdiction. *See* Tex. R. App. P. 42.3(a).

Before Justices Puryear, Rose, and Goodwin

Dismissed on Appellee's Motion

Filed:   December 20, 2013