

COURT OF APPEALS
EIGHTH DISTRICT OF TEXAS
EL PASO, TEXAS

| | | |
|---|---|---|
| ALLSTATE INSURANCE COMPANY AS SUBROGEE OF ANGELA J. VASQUEZ, | § § § | No. 08-18-00019-CV |
| Appellant, | § | Appeal from the |
| v. | § | 205th District Court |
| JAROSLAV J. BARNET, | § | of Hudspeth County, Texas |
| Appellee. | § | (TC# CV-04171-205) |

**O P I N I O N**

Appellant Allstate Insurance Company (Allstate), as a subrogee of Angela J. Vasquez, attempts to appeal two orders of the trial court: (1) an order dismissing Allstate's case for want of prosecution; and (2) an order denying Allstate's motion to reinstate. In its underlying suit, Allstate alleged that Appellee Jaroslav J. Barnet (Barnet) negligently caused property damage to a vehicle owned by its subrogee. Following the trial court's dismissal of its case, Allstate filed a verified motion to reinstate but failed to include a certificate of service asserting that a copy of the motion had been provided to Barnet as required by Rule 165a(3) of the Texas Rules of Civil Procedure. As a result, we conclude that Allstate's motion to reinstate did not extend the timetable for filing a notice of appeal. Because Allstate did not timely file its notice of appeal, we dismiss for lack of jurisdiction.

**FACTUAL AND PROCEDURAL BACKGROUND**

On October 21, 2011, Allstate filed an original petition alleging Jaroslav Barnet had, on June 6, 2011, damaged a vehicle owned by Angela J. Vasquez by negligently causing an automobile collision with the driver of the Vasquez vehicle. Allstate alleged in its petition that it was a subrogee of Vasquez. The same day Allstate filed its petition, a citation for personal service was issued for "JAROFLAZ VARNET," whose residence was designated as being in Albuquerque, New Mexico. No return of service was ever completed on this citation.

Over two years after the collision date, Allstate filed a motion for substituted service on Barnet with a newly designated address in Elk Grove Village, Illinois. The motion, which was filed on February 13, 2014, asserted that process had not yet been served because the process server had, thus far, been unable to locate Barnet.[1] Allstate requested that the trial court authorize service either by delivering a copy of the petition and citation to anyone over 16 years of age at the Illinois address, or by attaching a copy of said process to the front entryway or gate at the address. On February 18, 2014, the trial court granted the motion and entered an order for substituted service by either of the means requested.

On March 21, 2014, the Clerk of Hudspeth County issued a citation by certified mail addressed to: "JAROSLAV J. BARNET, 836 S. ARLINGTON HEIGHTS #197, ELK GROVE VILLAGE, IL 60007 (Or wherever she may be found)[.]" An affidavit of service included in the

---

[1] A due-diligence affidavit from the process server was attached to the motion. In the affidavit, the process server attested that his full due and diligent effort consisted of the following: (1) on December 21, 2013, the process server discovered that the Illinois address belonged to a UPS store and confirmed that Barnet was not an employee. The clerk mentioned that the defendant could be a possible customer, but she would not confirm; and (2) on December 30, 2013, the process server called the UPS store and asked if he could fax a document to the store for placement "in box 187 for Barnet," and he was told "yes."

2

clerk's record, but not file-stamped, averred that the petition and citation were served on March 31, 2014, by delivery to "Dale Prest/Owner," at the address of 836 S. Arlington Heights #187, Elk Grove Village, IL 60007, by substitute service. The delivery receipt (green card) included with the affidavit, however, showed that the article that was addressed to "Jaroslav J. Barnet, 836 S. Ari Heights Rd #197, Elk Grove Village, IL, 60007-3667," was received by "R.S. Johnston, Agent," on April 1, 2014. Two months later, on June 16, 2014, Allstate filed a motion for substitution of counsel, which certified it had been served on Allstate's prior counsel and on Great West Casualty Company. The motion, however, failed to certify that a copy was served on Barnet. On June 23, 2014, the trial court granted Allstate's motion. No further activity occurred for nearly three years.

On May 1, 2017, Allstate filed a motion for default judgment asserting that Barnet had failed to answer after being properly served with process and the deadline for answering had passed.[2] In its motion, Allstate alleged that "[Barnet], by virtue of his failure to appear, has admitted all material allegations of Plaintiff's Petition in this cause." No further activity seemingly occurred on Allstate's default motion, and instead, the County and District Clerk of Hudspeth County sent a notice to Allstate and to "Jaroflaz Varnet," dated July 5, 2017, by first-class mail, notifying each to appear "for a civil docket hearing," on July 20, 2017, at 9 a.m. The envelope addressed to "Jaroflaz Varnet," at 3827 Montgomery Blvd NE, Albuquerque, NM 87109-1077, was later returned to the clerk with a label marked, "Return to Sender, Insufficient Address, Unable to Forward, Return to Sender." On July 21, 2017, the trial court entered an order of dismissal. In its order, the trial court recited that neither plaintiff nor its counsel were present at the hearing set

---

[2] Barnet did not enter an appearance in either the court below or this Court nor did he file a brief in response to this appeal. We express no opinion on whether Barnet has been validly served with process as the issue is not presented for our review. *See* TEX. R. APP. P. 38.1(f).

for July 20, 2017, and that the case was dismissed pursuant to Rule 165a of the Texas Rules of Civil Procedure and the trial court's inherent power.

On July 24, 2017, Allstate filed a motion to reinstate pursuant to Rule 165a of the Texas Rules of Civil Procedure. Allstate's motion stated, "counsel, though in receipt of the Notice of the Dismissal Docket, was currently undergoing medical treatment, and his on going serious medical issues inhibit his ability to travel." As before, Allstate's motion lacked a certificate of service attesting that a copy of the motion was served on Barnet. In setting a hearing on the motion, the trial court ordered Allstate's attorney to appear in person on August 3, 2017, at 8 a.m.[3]

On August 3, 2017, the trial court issued an order granting Allstate's motion to reinstate. Thereafter, on October 26, 2017, the County and District Clerk of Hudspeth County sent a second notice to Allstate and to "Jaroflaz Varnet," notifying each to appear "for a civil docket hearing" on November 16, 2017, at 1 p.m. Two first class envelopes addressed to Barnet were mailed by the clerk on the same day, one to Albuquerque, New Mexico, and the other to Elk Grove Village, Illinois. On November 16, 2017, the envelope addressed to Barnet in Albuquerque was returned with a label noting it was returned for insufficient address and could not be forwarded. The day after the hearing date, or November 17, 2017, the trial court entered another order of dismissal. In its second order of dismissal, the trial court recited that the plaintiff and its counsel again failed to appear. The order further recited that the trial court dismissed the case pursuant to Rule 165a and the trial court's inherent power due to counsel's "complete disregard for the orders of this Court,

---

[3] Our record includes a letter dated July 26, 2017, addressed to Barnet at the address in Elk Grove Village, Illinois, notifying him of a hearing on the Motion to Reinstate after Dismissal and Motion for Default Judgment set for August 26, 2017, at 1 p.m.; and a second letter dated July 27, 2017, addressed to Barnet at the same address, notifying him of a hearing on the Motion to Reinstate after Dismissal and Motion for Default Judgment beginning promptly at 1 p.m. on August 17, 2017.

4

as well as his dilatory practices which significantly interfere with the efficient administration of the Court's docket[.]"

On December 16, 2017, at 4:34 p.m., Allstate efiled a second motion to reinstate to the District and County Clerk's office.[4]  Although counsel representing Allstate  included a notarized verification of the facts alleged in the motion, once again, there was no certificate of service attesting that a copy of the motion had been served on Barnet.  In its motion, Allstate claimed that its failure to appear was based on lack of receipt of the notice setting a hearing for November 16, 2017.  Counsel for Allstate claimed he had recently retired and had planned to handle only limited cases that were near conclusion.  Accordingly, he had submitted a change of address in anticipation of closing his law office on September 30, 2017.  Counsel further alleged that an employee of the clerk's office confirmed that the notice of the hearing had been sent to the law firm's prior address but had not been signed for by anyone there.[5]  Beyond questioning receipt of notice of the hearing, counsel further stated that a medical appointment involving a member of his family had caused him to reset hearings in all his cases which had been set on the same day.  Within the motion, Allstate's counsel urged the court to review the previously filed motion for default and decide whether a hearing was necessary.  Lastly, Allstate requested that the cause be reinstated on the trial court's docket and for such other relief to which it was justly entitled.

On January 10, 2018, the trial court entered an order denying the second motion to reinstate. In so doing, the trial court first noted that Barnet had been arguably served with process through

---

[4] Although the motion is date-stamped as "Filed 12/18/2017 12:00 AM," the Case Management Index from the Hudspeth District Clerk's Office included an entry noting that: "Motion to Reinstate – Efiled on 12/16/2017 4:34 PM."

[5] This allegation from Allstate is belied by a notice of change of address filed in the District Clerk's office on December 28, 2017, after Allstate filed its second motion to reinstate.

substituted service but not until April 1, 2014. But the trial court also noted that the delivery receipt on file showed service on "R.S. Johnston," who is not a party to the suit and for whom no pleading indicates he has any relationship to Barnet. Secondly, the order recited that there was no good cause shown, nor any explanation from Allstate, for the six-year delay in prosecuting the case. The order also recited that Allstate's second motion to reinstate was based on "excuses aimed, in part, at blaming others," and that the trial court's own review of the docket revealed that no change of address notification was filed by Allstate's counsel until December 28, 2017. Finally, the order recited that "[c]ounsel's explanation that he did not receive notification of the hearing is not credible." On February 8, 2018, Allstate filed a notice of appeal challenging the trial court's second order of dismissal signed on November 17, 2017, and the court's order denying Allstate's second motion to reinstate entered on January 10, 2018.[6] Although later amended, the initial notice of appeal contained a certificate of service reflecting that a copy of the pleading was served not on Barnet but on the Clerk of this Court.

## DISCUSSION

On appeal, Allstate presents three issues. In Issue One, Allstate contends that the trial court erred in dismissing the case because it unreasonably failed to rule on Allstate's motion for default judgment for over eight months. In Issue Two, Allstate contends that the trial court erred by dismissing the case for want of prosecution. In Issue Three, Allstate contends that the trial court erred by denying its second motion to reinstate without a hearing. Before addressing the issues presented, we turn first to confirm our appellate jurisdiction.

---

[6] We note that Allstate's Notice of Appeal incorrectly describes the trial court's order dismissing the case as being dated November 16, 2017.

6

*Jurisdictional Analysis*

No party has asserted that Allstate failed to timely file its notice of appeal, however, we must consider *sua sponte* issues affecting our jurisdiction. *See State ex rel. Best v. Harper*, 562 S.W.3d 1, 7 (Tex. 2018); *M.O. Dental Lab v. Rape*, 139 S.W.3d 671, 673 (Tex. 2004) (per curiam). An appellate court generally has jurisdiction over a case if a notice of appeal is filed either within 30 days after the appealable order is signed, or within 90 days after the appealable order is signed if a party timely files one of the pleadings listed in Texas Rule of Appellate Procedure 26.1. *See* TEX. R. APP. P. 26.1(a); *Butts v. Capitol City Nursing Home, Inc.*, 705 S.W.2d 696, 697 (Tex. 1986) (per curiam); *Young v. Di Ferrante*, 553 S.W.3d 125, 128 (Tex.App.—Houston [14th Dist.] 2018, pet. denied). A motion to reinstate under Texas Rule of Civil Procedure 165a is listed as an exception that extends the 30-day deadline of Texas Rule of Appellate Procedure 26.1. *See* TEX. R. APP. P. 26.1(a)(3). To extend the time for perfecting an appeal, the Texas Supreme Court has held that a proper motion to reinstate must be verified and filed with the clerk within 30 days of the order of dismissal. *McConnell v. May*, 800 S.W.2d 194, 194 (Tex. 1990) (per curiam); *Butts*, 705 S.W.2d at 697. An unverified motion is a nullity and does not extend the trial court's plenary jurisdiction or the deadlines for perfecting an appeal. *See In re Garcia*, 94 S.W.3d 832, 833 (Tex.App.—Corpus Christi-Edinburg 2002, no pet.) (citing *McConnell*, 800 S.W.2d at 194).

The date the order of dismissal is signed determines the beginning of the period of the court's plenary power to grant a motion to reinstate where a case has been dismissed for want of prosecution. TEX. R. CIV. P. 306a(1). If a plaintiff receives timely notice of the dismissal of its suit, the plaintiff must file a motion to reinstate within 30 days after the trial court signs the order of dismissal. TEX. R. CIV. P. 165a(3). When the order of dismissal is signed, the clerk of the court

must immediately give notice to the parties or their attorneys of record by first-class mail advising that the order was signed. TEX. R. CIV. P. 306a(3). If within 20 days after the order of dismissal is signed, a party adversely affected by it or his attorney has neither received the notice required by Rule 306a(3), nor acquired actual knowledge of the order, then with respect to that party all the periods mentioned in Rule 306a(1) shall begin on the date that such party or his attorney receives such notice or acquires actual knowledge of the signing, whichever occurs first, but in no event shall such period begin more than 90 days after the order of dismissal was signed. TEX. R. CIV. P. 306a(4). Compliance with the time periods prescribed by Rules 165a and 306a is a jurisdictional prerequisite. *Memorial Hosp. of Galveston County v. Gillis*, 741 S.W.2d 364, 365 (Tex. 1987) (per curiam); *In re J.S.*, 392 S.W.3d 334, 337 (Tex.App.—El Paso 2013, no pet.).

A motion to reinstate stands as the only remedy available to a party when the trial court has dismissed its case for want of prosecution. *See Sierra Club v. Texas Comm'n on Envtl. Quality*, 188 S.W.3d 220, 222 (Tex.App.—Austin 2005, no pet) (citing *Gilbert v. Huber, Hunt, Nichols, Inc.*, 671 S.W.2d 869, 870 (Tex. 1984) (per curiam)). By its plain text, Rule 165a(3) imposes distinct requirements on parties seeking reinstatement after dismissal of a case for want of prosecution. TEX. R. CIV. P. 165a(3). In pertinent part, Rule 165a(3) provides as follows:

> A motion to reinstate shall set forth the grounds therefor and be verified by the movant or his attorney. It shall be filed with the clerk within 30 days after the order of dismissal is signed or within the period provided by Rule 306a. A copy of the motion to reinstate shall be served on each attorney of record and each party not represented by an attorney whose address is shown on the docket or in the papers on file. The clerk shall deliver a copy of the motion to the judge, who shall set a hearing on the motion as soon as practicable. The court shall notify all parties or their attorneys of record of the date, time and place of the hearing.

TEX. R. CIV. P. 165a(3). In short, a party's motion for reinstatement shall (1) "set forth the grounds therefor[;]" (2) "be verified by the movant or his attorney[;]" (3) "be filed with the clerk within 30

8

days after the order of dismissal is signed or within the period provided by Rule 306a[;]" and (4) "[a] copy of the motion to reinstate shall be served on each attorney of record and each party not represented by an attorney whose address is shown on the docket or in the papers on file." *Id.*

When a party seeking reinstatement meets Rule 165a(3) prerequisites, the trial court must set a hearing as soon as practicable. *See Gulf Coast Inv. Corp. v. NASA 1 Business Center,* 754 S.W.2d 152, 153 (Tex. 1988) (per curiam) ("It is clear that an oral hearing is required on any timely filed motion to reinstate under TEX. R. CIV. P. 165a."); *Thordson v. City of Houston*, 815 S.W.2d 550, 550 (Tex. 1991) (per curiam) (finding that the trial court had no discretion about whether to set a hearing where there is no dispute that movant properly requested a hearing on a timely filed motion to reinstate); *see also In re Marriage of Salas,* No. 12–12–00237–CV, 2012 WL 5031429, at *2 (Tex.App.—Tyler Oct. 17, 2012, no pet.) (mem. op.) ("Once a motion to reinstate meets the threshold requirements of being timely filed and verified, a hearing must be held on it regardless of whether the motion states meritorious grounds or whether the facts verified in the motion are sufficient to sustain the movant's burden of proof to warrant reinstatement."); *Reed v. City of Dallas,* 774 S.W.2d 384, 385 (Tex.App.—Dallas 1989, writ denied) (trial court has no discretion as to whether to grant oral hearing on timely and properly verified motion to reinstate). A timely filed motion to reinstate gives a plaintiff one last chance to convince the trial court to restore the case to the docket, permits the plaintiff to make a record for appeal, and extends the court's plenary power and the appellate deadlines. *See* TEX. R. CIV. P. 165a(3); *Thordson*, 815 S.W.2d at 550.

*Application*

Here, because the trial court signed its order of dismissal on November 17, 2017, the ordinary filing deadline of thirty days for a notice of appeal would fall on December 18, 2017, if

9

no exception applied.[7]  The clerk's record in this instance, however, shows no evidence of the clerk sending a Rule 306a notice of the trial court's dismissal of the case to the parties or their attorneys of record.  *See* TEX. R. CIV. P. 306a(3).  Therefore, the period prescribed for the filing of the motion to reinstate began on the date that Allstate or its attorney received notice or acquired actual knowledge of the signing of the dismissal, whichever occurs first, but in no event more than 90 days after November 17, 2017.  *See* TEX. R. CIV. P. 165a(3) and 306a(4).

The record establishes that Allstate *e*filed its verified motion to reinstate on Saturday, December 16, 2017, at 4:34 p.m., or 29 days after the signing of the trial court's dismissal order on November 17, 2017.  At minimum, this pleading establishes the date Allstate first learned of the dismissal given that no other evidence of record shows that Allstate had been earlier notified or had acquired knowledge of the court's order of dismissal.  Thereafter, on January 10, 2018, the trial court signed an order denying Allstate's motion to reinstate reciting that the court considered the motion *sua sponte*.  On February 8, 2018, Allstate then filed its notice of appeal challenging both the order of dismissal and the order denying the motion to reinstate.

As a prerequisite to the court's obligation to set a hearing on a motion to reinstate, the plain text of Rule 165a(3) requires a timely motion stating its grounds, verification by the movant or its attorney, and service of a copy of the motion on each attorney of record and each party not represented by an attorney whose address is shown on the docket or in the papers on file.  *See* TEX. R. CIV. P. 165a(3).  Rule 21a of the Rules of Civil Procedure provides that, when service of a motion is required, then the party or attorney of record "shall certify to the court compliance with

---

[7] Because the thirtieth day after the signing of the order of dismissal falls on Sunday, December 17, 2017, any deadline of 30-days' length would fall on Monday, December 18, 2017.  *See* TEX. R. CIV. P. 4.

this rule in writing over signature and on the filed instrument." *See* TEX. R. CIV. P. 21a(e). Rule 21a further provides that a certificate by a party or an attorney of record shall be prima facie evidence of the fact of service. *Id.*

On review, we note that Allstate's motion for reinstatement fails to certify that Barnet was served with a copy at the address shown in the papers on file as required by Rule 165a(3). *See* TEX. R. CIV. P. 165a(3). When faced with a lack of verification on a motion for reinstatement, courts have held that such motion does not comply with Rule 165a(3)'s requirements. *See Butts*, 705 S.W.2d at 697; *McConnell*, 800 S.W.2d at 194; *Young*, 553 S.W.3d at 128; *Twist v. McAllen Nat. Bank*, 294 S.W.3d 255, 263-64 (Tex.App.—Corpus Christi-Edinburg 2009, no pet.) (rejecting attorney's verification which did not indicate that he had personal knowledge of any facts). We find the lack of a certificate of service on a motion to reinstate to be analogous to a lack of proper verification given that both requirements are mandatory based on express terms of Rule 165a(3). *Cf. Butts*, 705 S.W.2d at 697; *McConnell*, 800 S.W.2d at 194; *Young*, 553 S.W.3d at 128; *Twist*, 294 S.W.3d at 263-64.

In *Twist*, the Corpus Christi-Edinburg Court of Appeals compared Rule 165a(3)'s verification requirement with the verification required in Rule 93 of the Texas Rules of Civil Procedure and found that sound reasoning underscored the requirement of verification given that a party filing a motion to reinstate "will likely be raising arguments based on facts that do not appear of record … to explain the lack of activity in a case." *Twist*, 294 S.W.3d at 261. We believe that the reasoning supporting verification applies equally to the requirement of a certificate of service to attest that a copy of the motion has been served on the other party. Indeed, our disciplinary rules establish that any communication with a court about a lawsuit that is not served

11

on opposing counsel is an improper ex parte communication unless there is a specific exception. *See* TEX. DISCIPLINARY R. PROF'L CONDUCT 3.05(b)(2). We conclude that Allstate's motion for reinstatement, which lacks a certificate of service on Barnet at his address shown on the docket or in the papers on file, does not comply with Rule 165a(3)'s requirements. *Cf. Butts*, 705 S.W.2d at 697; *McConnell*, 800 S.W.2d at 194; *Young*, 553 S.W.3d at 128.

Given that Allstate's motion to reinstate failed to meet threshold requirements of Rule 165a(3), the motion is deemed a nullity and did not operate to extend the timetable for filing a notice of appeal. *Cf. McConnell*, 800 S.W.2d at 194; *In re Garcia*, 94 S.W.3d at 833. The deadline to perfect this appeal fell on Monday, December 18, 2017, or 30 days after the date the dismissal order was signed taking into account that the last day fell on a Sunday. *See* TEX. R. CIV. P. 4. Allstate did not file its notice of appeal until February 8, 2018, or 52 days after the expiration of the jurisdictional deadline. *See* TEX. R. APP. P. 26.1. Absent a timely filed notice of appeal or extension request, we must dismiss the appeal for lack of jurisdiction. *See* TEX. R. APP. P. 25.1(b); *Chavez v. Housing Authority of City of El Paso*, 897 S.W.2d 523, 527 (Tex.App.—El Paso 1995, writ denied) (material errors as to the timing of a perfection deprived the Court of jurisdiction).

## CONCLUSION

Accordingly, we dismiss the appeal for lack of jurisdiction and without need to address the issues presented.

GINA M. PALAFOX, Justice

October 14, 2019

Before Alley, C.J., Rodriguez, and Palafox, JJ.

12