### James GUEST and Anita Guest, Petitioners,

v.

### Austin L. DIXON. M.D., Respondent.

### No. 04–0128.

### Supreme Court of Texas.

### June 16, 2006.

Sharon S. McCally, Daryl L. Moore, Storey Moore & McCally, P.C., Theresa Anne Lynn, Michael Y. Saunders, Helm Pletcher Bowen & Saunders, Houston, Clinard J. Hanby, The Woodlands, for Petitioners.

Jim Hund, Cory D. Halliburton, Hunt & Harriger, LLP, Lubbock, for Respondent.

PER CURIAM.

Rule 165a(3) of the Texas Rules of Civil Procedure provides that a timely motion to reinstate a case that has been dismissed for want of prosecution extends the deadline to perfect appeal.[1] The rule also

---

1. TEX. R. CIV. P. 165a(3) ("In the event for any reason a motion for reinstatement is not decided by signed written order within seventy-five days after the judgment is signed, or, within such other time as may be allowed by Rule 306a, the motion shall be deemed overruled by operation of law. If a motion to reinstate is timely filed by any party, the trial

states: "A motion to reinstate shall set forth the grounds therefor and be verified by the movant or his attorney." A divided court of appeals held that a motion to reinstate supported only by the affidavit of the movant's *former* attorney in the case does not extend the deadline for appeal. 153 S.W.3d 466 (Tex.App.—Amarillo 2004). We disagree.

Petitioner Anita Guest and her husband James sued respondent Dr. Austin Dixon and others for medical malpractice. Nearly seven years later, and five years after James had died, Dixon, the only remaining defendant, moved to dismiss the case for want of prosecution. Guest took five months to respond to the motion, and after a hearing, the trial court granted it. Guest then filed a motion to reinstate[2] supported by the affidavit of a lawyer who had acted as co-counsel for her along with other lawyers in his firm for almost all of the time the case had been pending but who, according to his affidavit, had withdrawn from the firm before the case was dismissed. The affidavit discussed the his-

tory of the prosecution of the case based on the lawyer's personal knowledge. The trial court denied the motion, and Guest filed a notice of appeal 89 days after the judgment was signed.

The court of appeals dismissed the appeal for want of jurisdiction, holding that "because the motion to reinstate was not properly verified, it did not operate to extend the deadline for filing the notice of appeal".[3] The court believed that a contrary case, *3V, Inc. v. JTS Enterprises, Inc.*,[4] was distinguishable.[5] The dissent argued that the motion was sufficiently verified.[6]

We held in *Butts v. Capitol City Nursing Home, Inc.*, 705 S.W.2d 696, 697 (Tex. 1986) (per curiam), and again in *McConnell v. May*, 800 S.W.2d 194, 194 (Tex. 1990) (per curiam), that an unverified motion to reinstate does not extend the deadline for perfecting appeal. Since those cases we have repeatedly stressed that procedural rules should be construed and applied so that the right of appeal is not unnecessarily lost to technicalities.[7] As-

---

court, regardless of whether an appeal has been perfected, has plenary power to reinstate the case until 30 days after all such timely filed motions are overruled, either by a written and signed order or by operation of law, whichever occurs first.").

2. As the court of appeals' opinion reflects, the motion was filed 32 days after the judgment was signed. *Id.* at 467. The record does not reflect whether the motion was timely. Neither Dixon nor the court of appeals asserts that the motion was not timely.

3. 153 S.W.3d at 468.

4. 40 S.W.3d 533 (Tex.App.—Houston [14th Dist.] 2000, no pet.) (rejecting the contention as "a hypertechnical argument we cannot sustain" that a motion to reinstate was not verified because it was supported by affidavits of the movant's arbitration lawyers, neither of whom was a lawyer in the case, explaining how the arbitration proceedings had delayed the case).

5. 153 S.W.3d at 468 (concluding that even though the lawyers did not represent the corporation in the case, they were nevertheless its agents).

6. *Id.* at 469 (Campbell, J., dissenting).

7. *Republic Underwriters Ins. Co. v. Mex–Tex, Inc.*, 150 S.W.3d 423, 427 (Tex.2004) (quoting *Verburgt v. Dorner*, 959 S.W.2d 615, 616–617 (Tex.1997)); *Briscoe v. Goodmark Corp.*, 102 S.W.3d 714, 717 (Tex.2003) (referring to "our oft-repeated position that a party should not lose the right to appeal because of an 'overly technical' application of the law"); *Verburgt*, 959 S.W.2d at 616–617 ("[W]e have instructed the courts of appeals to construe the Rules of Appellate Procedure reasonably, yet liberally, so that the right to appeal is not lost by imposing requirements not absolutely necessary to effect the purpose of a rule."); *Jamar v. Patterson*, 868 S.W.2d 318, 319 (Tex.1993) ("It is our policy to construe rules reasonably but liberally, when possible, so that the right

suming that the rule in *Butts* and *McConnell* survives our later cases, we think the motion in this case was properly verified because it was supported by the affidavit of Guest's attorney for much of the time the case was pending, who was aware of the facts regarding its prosecution. That was sufficient to satisfy Rule 165a. To hold that the motion could not be supported by the affidavit of Guest's former attorney could deprive the party of the best evidence available. The rule does not require such a result.

Dixon also argues that the motion to reinstate was not properly verified because Guest's former attorney ceased his representation nearly two years before the motion was filed and therefore could not account for any lack of activity during that period. But while the attorney's lack of knowledge may go to the merits of the reinstatement motion, it does not deprive the court of jurisdiction.

Accordingly, we grant Guest's petition for review and, without hearing oral argument, Tex.R.App. P. 59.1, reverse the judgment of the court of appeals and remand the case to that court for consideration of the other arguments raised by the appeal.

Justice JOHNSON did not participate in the decision.

to appeal is not lost by creating a requirement not absolutely necessary from the literal words of the rule."); *Crown Life Ins. Co. v. Estate of Gonzalez,* 820 S.W.2d 121, 121–122 (Tex.1991) (stating that procedural rules should be "liberally construed so that the decisions of the courts of appeals turn on substance rather than procedural technicality").