

# COURT OF APPEALS

# THIRTEENTH DISTRICT OF TEXAS

# CORPUS CHRISTI - EDINBURG

## NUMBER 13-07-113-CV

OSCAR SILGUERO, ET AL.,                                                    Appellants,

v.

THE STATE OF TEXAS,                                                        Appellee.

On appeal from 275th District Court of Hidalgo County, Texas.

## NUMBER 13-07-434-CV

## IN RE: OSCAR SILGUERO, ET AL.

On Petition for Writ of Mandamus.

# O P I N I O N

**Before Justices Yañez, Rodriguez, and Garza**
**Opinion by Justice Yañez**

Through both a petition for writ of mandamus and an appeal, relators and appellants, Oscar Silguero, Luis Silguero, and San Juanita Silguero (the "Silgueros"), challenge the trial court's order reinstating the underlying forfeiture action following a dismissal for want of prosecution. We conditionally grant the petition for writ of mandamus and dismiss the appeal.

## I. Background

On September 23, 1999, the State commenced a forfeiture action against a five-acre tract of land.[1] *See generally* TEX. CODE CRIM. PROC. ANN. arts. 59.01-.14 (Vernon 2006 & Supp. 2008). On January 18, 2006, the trial court dismissed the cause for want of prosecution when the State failed to appear. On January 20, 2006, the State filed an unverified motion to reinstate, alleging that its attorney-in-charge did not receive notice that the matter was placed on the trial court's dismissal docket until the day after the hearing, January 19, 2006. On February 22, 2006, the trial court granted the motion to reinstate. Following further proceedings, the trial court entered a judgment of forfeiture on December 1, 2006.

The Silgueros appealed the trial court's judgment of forfeiture in cause number 13-07-00113-CV and filed a petition for writ of mandamus regarding the order of reinstatement in cause number 13-07-00434-CV. This Court granted the Silgueros' motion to consolidate the records in these causes for the purposes of briefing and requested a response to the

---

[1] The real property at issue is more specifically described as "[a] five acre tract of land and improvements surrounded by a pipe and chain linked fence with an inner cedar fence in front of the improvements; the property is legally described as, West 165 feet out of Block 87, La Blanca Agriculture Company Subdivision 'B,' Hidalgo County, Texas as recorded in Volume 2, Page 42, Map Records, Hidalgo County, Texas. This property is approximately 7/10 miles east of FM 493 on mile 12 ½ North in the La Blanca, Hidalgo County, Texas area."

2

petition for writ of mandamus from the real party in interest, the State of Texas, acting through the office of the Hidalgo County Criminal District Attorney–Forfeiture Section. The State has not favored the Court with either a response to the petition for writ of mandamus or an appellate brief in the appeal.

The Silgueros attack the trial court's order of reinstatement as void through both their petition for writ of mandamus and by their first issue on appeal. We will commence our analysis with this issue because it is dispositive of both the petition for writ of mandamus and the appeal. We issue a single opinion herein in the interest of judicial economy.

## II. Standard of Review

Mandamus relief will lie if the relator demonstrates a clear abuse of discretion for which there is no adequate appellate remedy. *In re AutoNation, Inc.*, 228 S.W.3d 663, 667 (Tex. 2007) (orig. proceeding). A trial court abuses its discretion if it reaches a decision so arbitrary and unreasonable as to constitute a clear and prejudicial error of law. *Walker v. Packer*, 827 S.W.2d 833, 839 (Tex. 1992) (orig. proceeding). That is, a clear abuse of discretion occurs when a trial court issues a decision that lacks any basis or reference to guiding legal principles. *Downer v. Aquamarine Operators, Inc.*, 701 S.W.2d 238, 241-42 (Tex. 1985). With respect to the resolution of factual issues or matters committed to the trial court's discretion, we may not substitute our judgment for that of the trial court. *Walker*, 827 S.W.2d at 839. However, because a trial court has no discretion in determining what the law is or applying the law to the facts, a clear failure by the trial court to analyze or apply the law correctly constitutes an abuse of discretion. *Id*. at 840.

3

Mandamus relief is appropriate when a trial court issues an order after its plenary power has expired because the order is void. *In re Brookshire Grocery Co.*, 250 S.W.3d 66, 68-69 (Tex. 2008) (orig. proceeding); *In re Sw. Bell Tel. Co.*, 35 S.W.3d 602, 605 (Tex. 2000) (orig. proceeding). Specifically, when a trial court erroneously reinstates a case after its plenary power has expired, there is no adequate remedy by appeal and mandamus is the appropriate remedy. *Estate of Howley v. Haberman*, 878 S.W.2d 139, 140 (Tex. 1994) (orig. proceeding); *S. Main Bank v. Wittig*, 909 S.W.2d 243, 244 (Tex. App.–Houston [14th Dist.] 1995, orig. proceeding). When the mandamus proceeding arises out of the interpretation of legal rules, we give limited deference to the lower court's analysis. *Brookshire Grocery Co.*, 250 S.W.3d at 69; *see Walker*, 827 S.W.2d at 839.

## III. Analysis

The Silgueros contend that the trial court abused its discretion and entered a void order granting the State's unverified motion to reinstate after the trial court's plenary jurisdiction had expired. Texas Rule of Civil Procedure 165a(3) sets out the procedure for reinstating cases dismissed for want of prosecution. *See* TEX. R. CIV. P. 165a(3). Rule 165a(3) provides that:

> A motion to reinstate shall set forth the grounds therefor and be verified by the movant or his attorney. It shall be filed with the clerk within 30 days after the order of dismissal is signed or within the period provided by Rule 306a. A copy of the motion to reinstate shall be served on each attorney of record and each party not represented by an attorney whose address is shown on the docket or in the papers on file. The clerk shall deliver a copy of the motion to the judge, who shall set a hearing on the motion as soon as practicable. The court shall notify all parties or their attorneys of record of the date, time and place of the hearing.
>
> The court shall reinstate the case upon finding after a hearing that the failure of the party or his attorney was not intentional or the result of

4

conscious indifference but was due to an accident or mistake or that the failure has been otherwise reasonably explained.

In the event for any reason a motion for reinstatement is not decided by signed written order within seventy-five days after the judgment is signed, or, within such other time as may be allowed by Rule 306a, the motion shall be deemed overruled by operation of law. If a motion to reinstate is timely filed by any party, the trial court, regardless of whether an appeal has been perfected, has plenary power to reinstate the case until 30 days after all such timely filed motions are overruled, either by a written and signed order or by operation of law, whichever occurs first.

*Id.*.[2] The Texas Supreme Court and this Court have repeatedly held that an unverified motion to reinstate does not extend the trial court's plenary jurisdiction beyond thirty days after the order of dismissal is signed. *See McConnell v. May*, 800 S.W.2d 194, 194 (Tex. 1990) (orig. proceeding); *Butts v. Capitol City Nursing Home, Inc.*, 705 S.W.2d 696, 696 (Tex. 1986); *In re Garcia*, 94 S.W.3d 832, 833 (Tex. App.–Corpus Christi 2002, orig. proceeding). Other courts of appeals have also routinely concluded that only verified motions to reinstate will extend a trial court's plenary power. *See, e.g., Andrews v. Stanton*, 198 S.W.3d 4, 7 (Tex. App.–El Paso 2006, no pet.); *3V, Inc. v. JTS Enters., Inc.*, 40 S.W.3d 533, 538 (Tex. App.–Houston [14th Dist.] 2000, no pet.); *In re Montemayor*, 2 S.W.3d 542, 545 (Tex. App.–San Antonio 1999, orig. proceeding); *Macarangal v. Andrews*, 838 S.W.2d 632, 633 (Tex. App.–Dallas 1992, orig. proceeding). This rule has been

---

[2] Texas Rule of Civil Procedure 306a(4) extends the time period for filing a motion to reinstate when a party fails to receive notice of the judgment or acquire actual knowledge of the dismissal order. TEX. R. CIV. P. 306a(4); *see Powell v. McCauley*, 126 S.W.3d 158, 161 (Tex. App.–Houston [1st Dist.] 2003, no pet.) (providing that the trial court's jurisdiction to hold a 306a hearing was invoked when a sworn motion to reinstate asserted the dismissal order was not timely received). In order to obtain the benefits of this rule, the movant must receive notice of the judgment more than twenty, but less than ninety-one, days after it was signed. *In re Lynd Co.*, 195 S.W.3d 682, 685 (Tex. 2006). While the State argued in its motion to reinstate that it failed to receive notice of the trial court's dismissal order, it did not file a rule 306a motion, which, in any event, would have been inapplicable to the instant case given the requisite time periods for the filing of such a motion.

liberally construed so as to allow movants to file affidavits with their motion to reinstate instead of filing a verification. *See Guest v. Dixon*, 195 S.W.3d 687, 688-89 (Tex. 2006) (per curiam); *3V, Inc.*, 40 S.W.3d at 539. Courts have also allowed other substitutions for the verification requirement. *See Fed. Lanes v. City of Houston*, 905 S.W.2d 686, 689 (Tex. App.–Houston [1st Dist.] 1995, writ denied) (holding that verification or affidavit was not required with a joint motion to reinstate where the parties jointly stipulated to the facts pertaining to reinstatement in court).

In its most recent opinion on orders of reinstatement, the Texas Supreme Court discussed the continued validity of the *McConnell* doctrine. *See Guest*, 195 S.W.3d at 688-89. In *Guest*, the court was asked to decide whether a motion to reinstate, supported by the affidavit of the movant's former attorney, extended the time for filing an appeal. *Id.* The supreme court recognized its holdings in *McConnell* and *Butts* that an unverified motion to reinstate neither extends the deadlines for filing appeals nor extends the trial court's period of plenary power. *See id.* The court also recognized, however, that since those opinions were issued, it has "repeatedly stressed that procedural rules should be construed and applied so that the right of appeal is not necessarily lost to technicalities." *Id.* at 688 (citing *Republic Underwriters Ins. Co. v. Mex-Tex, Inc.*, 150 S.W.3d 423, 427 (Tex. 2004); *Briscoe v. Goodmark Corp.*, 102 S.W.3d 714, 717 (Tex. 2003); *Verburgt v. Dorner*, 959 S.W.2d 615, 616-617 (Tex. 1997); *Jamar v. Patterson*, 868 S.W.2d 318, 319 (Tex. 1993); *Crown Life Ins. Co. v. Estate of Gonzalez*, 820 S.W.2d 121, 121-22 (Tex. 1991)). In concluding that the unverified motion accompanied by an affidavit extended the time to file a notice of appeal, the court assumed that the rule in *Butts* and *McConnell*

survived the later cases. *See id.* at 689; *see also In re Dobbins*, 247 S.W.3d 394, 396 (Tex. App.–Dallas 2008, orig. proceeding) (construing *Guest* and concluding that the combination of an evidentiary hearing with the court master's recommendation of approval, within the thirty days, was "an adequate substitute for the more technical verification requirement of *McConnell*");

As an intermediate appellate court, we are bound by supreme court precedent. *Lubbock County v. Trammel's Lubbock Bail Bonds*, 80 S.W.3d 580, 585 (Tex. 2002) ("It is not the function of a court of appeals to abrogate or modify established precedent."). Therefore, based on the supreme court's pronouncements in *McConnell* and *Guest*, we conclude that an unverified motion to reinstate must be supported by an affidavit or other sufficient evidence in the record in order to extend the trial court's plenary power or extend the time to file a notice of appeal. The affidavit or other evidence must serve as an adequate substitute for the verification requirement established by the rules of civil procedure.

The motion to reinstate filed by the State in the instant case is neither verified nor accompanied by affidavit. *See* Tex. R. Civ. P. 165a(3); *Guest*, 195 S.W.3d at 689. It is not a "joint" motion to reinstate, nor is it agreed. *See Fed. Lanes*, 905 S.W.2d at 689. There is nothing in the record before this Court indicating that the motion was supported by testimony or evidence of any sort.[3] *See Guest*, 195 S.W.3d at 689. As a result, the trial court's plenary jurisdiction over the case expired on February 17, 2006, thirty days after the

---

[3] The order of reinstatement recites that it was issued "[a]fter considering said motion and argument of counsel" and accordingly, does not appear to have been based on evidence adduced in open court. The record before this Court does not include a transcript of the hearing on the motion to reinstate.

dismissal order was signed on January 18, 2006, and five days before the trial court signed the order reinstating the case on February 22, 2006. *See id.*; *McConnell*, 800 S.W.2d at 194; *Butts*, 705 S.W.2d at 696. Accordingly, the trial court lacked jurisdiction to reinstate the case.

## IV. Conclusion

Because the trial court lacked jurisdiction to reinstate the case, the order of reinstatement was void. *See Brookshire Grocery Co.*, 258 S.W.3d at 68-69; *Estate of Howley*, 878 S.W.2d at 140. We conditionally grant the petition for writ of mandamus in cause number 13-07-00434-CV and direct the trial court to vacate its order of reinstatement, thereby returning the parties to the positions they held before the trial court reinstated the case. We are confident that the trial court will promptly comply, and the writ will issue only if it does not.

We conclude that we lack jurisdiction to address the Silgueros' appeal in cause number 13-07-00113-CV. As held above, the trial court's actions after February 17, 2006, are void because the trial court lost plenary power on that date. Although a party affected by void judicial action need not appeal, if a party does appeal, as the Silgueros have here, we may declare that the order is void. *See State ex rel. Latty v. Owens*, 907 S.W.2d 484, 486 (Tex. 1995) (per curiam). Having granted the Silgueros their requested relief in the mandamus proceeding, we dismiss their appeal in cause 13-07-00113-CV. *See id.*

LINDA REYNA YAÑEZ,
Justice

8

Opinion delivered and filed this the
30th day of January, 2009.