02-112-255-CV REH EN BANC









 
 
 
 
 
 
 
 
 
 
 
 
 
 COURT OF APPEALS
 SECOND DISTRICT OF TEXAS
 FORT WORTH
  
 
 


 

 

NO. 02-12-00255-CV

 

 


 
 
 In re Valliance Bank
 
 
  
 
 
 RELATOR
 
 
 
 
  
  
  
 
 
 
 
  
 
 
  
 
 
  
 
 


 

 

----------

ORIGINAL PROCEEDING

----------

ORDER AND OPINION ON MOTION
FOR EN BANC RECONSIDERATION

 

---------- 

In their motion for en banc reconsideration of our original en
banc opinion, Real Parties in Interest first take issue with our holding that
their motion to reinstate was not sufficiently verified by the unsworn
statement titled “Verification” because it was signed by an individual not
identified as a party or as counsel for Real Parties.  Real Parties’ motion for
reconsideration explains that Dan Trammell, who signed the verification, is an
attorney, is a friend of their counsel of record, has been “of counsel” to
their counsel of record’s law firm for many years, and often co-counsels with
him.  Real Parties argue that the trial judge was well aware of who Mr.
Trammell is and needed no recitation of these matters for verification.  Real
Parties argue that, as an officer of the court, Mr. Trammell has “an
affirmative responsibility to tell the truth” and that our holding that the
verification was a nullity because it was not made with all of the formalities
and solemnities of Mr. Trammell’s raising his hand and swearing to tell the
truth exalts form over substance, a practice roundly condemned by the Texas
Supreme Court.

As an appellate court, we may take judicial notice of a proper fact
even when the trial court was not requested to take judicial notice of the fact
and the court made no announcement that it had taken such notice.  Zarychta
v. State, 44 S.W.3d 155, 164 (Tex. App.—Houston [14th Dist.] 2001,
pet ref’d), cert. denied, 535 U.S. 1105 (2002) (citing McDaniel v.
Hale, 893 S.W.2d 652, 673 (Tex. App.—Amarillo 1994, writ denied)).  We might
even take judicial notice that Mr. Trammell obtained his law degree from the
University of Texas Law School and was licensed as an attorney in 1972, with a
career spanning forty years including service as a county judge and a county
and district attorney, and that his license is in good standing with the State
Bar of Texas.  See id.  Similarly, we might take judicial notice that Mr.
Trammell’s office address is listed by the State Bar of Texas as the same as
that of Real Parties’ counsel of record who is, himself, a 1969 graduate of the
University of Texas Law School, licensed and in good standing with the State
Bar of Texas, with over forty years of experience as well as being peer-selected
and listed since 2008 as a Texas “Super Lawyer.”[1]  See
Maddox v. State, 591 S.W.2d 898, 900 (Tex. Crim. App. [Panel Op.] 1979),
cert. denied, 447 U.S. 909 (1980).  However, even if we judicially
notice all of the above-listed facts, and even if we further assume that Mr.
Trammell was authorized to act on behalf of Real Parties in verifying the
motion to reinstate, the verification still was not sworn.  Rule 165a requires a
timely-filed, sworn verification “by the movant or his attorney” (or a timely-filed
affidavit or other adequate substitute) as a jurisdictional prerequisite to
extend the plenary power of the trial court beyond thirty days.  Tex. R. Civ. P.
165a(3).[2]

If the unsworn signature of a licensed lawyer in good standing
with the State Bar and well known to the trial judge or in the professional community
were a sufficient substitute for the “verification” of a motion to reinstate, then
counsel of record’s routine signature would, itself, suffice, and rule 165(a)’s
requirement for verification would be rendered meaningless.  For us to hold
that the signature of counsel for a party, which is required on all pleadings,
sworn or unsworn, is sufficient to satisfy the requirement of verification
under rule 165a(3) would be tantamount to rewriting the rules of procedure to
eliminate that requirement, not only under that rule but under similar rules of
civil procedure, notably rule 306a(5).  That rule requires a “sworn motion”
with proof that notice or knowledge of judgment was not received within twenty
days after judgment was signed in order to invoke the trial court’s
jurisdiction to extend post-judgment deadlines.  Tex. R. Civ. P. 306a(5); see
Tex. R. App. P. 4.2(b) (providing procedure to extend appellate deadlines to
perfect appeal governed by rule 306a(5)); see also Mem’l Hosp. v. Gillis,
741 S.W.2d 364, 365 (Tex. 1987) (holding compliance with provisions of 306a is
a “jurisdictional prerequisite” to extend trial court’s plenary power); Carrera
v. Marsh, 847 S.W.2d 337, 341 (Tex. App.—El Paso 1993, orig. proceeding)
(op. on reh’g) (noting that motions to reinstate under rule 165a and motions
for new trial under rule 306a are “procedurally identical in that both require
that the motions seeking relief be verified,” and holding unverified motion for
new trial filed under rule 306a failed to extend appellate timetable).[3] 
The supreme court, and not this court, is vested with the rulemaking power in
civil cases.  See Tex. Gov’t Code Ann. § 22.004(a) (West Supp. 2012).

In their motion for reconsideration, Real Parties also re-urge
their reliance on Guest.
 They argue that Guest
compels a different result in this case, not only because of the admonition by
the supreme court to construe the rules liberally (of which we are mindful),
but also because the supreme court held that the petitioner’s motion to reinstate,
supported only by an affidavit of her former attorney rather than her then-current
counsel, was sufficient to extend the trial court’s plenary power.  Real Parties
now point to a curious footnote in Guest that refers to the court of
appeals’s opinion and states that “[a]s the court of appeals’[s] opinion
reflects, the motion [to reinstate] was filed 32 days after the judgment was
signed.  The record does not reflect whether the motion was timely.  Neither Dixon
nor the court of appeals asserts that the motion was not timely.”  Id. at
688 n.2 (citation omitted).  Real Parties contend that the supreme court in
that footnote thereby “clearly indicated that strict adherence to the filing
deadlines of Rule 165a(3) is not a jurisdictional death blow.”

The court of appeals’s opinion in Guest states that the
trial court signed the judgment of dismissal for want of prosecution on January
25, 2003, and that the motion to reinstate, along with the attorney’s
affidavit, was filed on February 26, 2003.  153 S.W.3d 466, 467 (Tex.
App.—Amarillo 2004), rev’d, 195 S.W.3d 687 (Tex. 2006).  If these dates controlled,
the motion to reinstate (and affidavit) would have been filed two days late,
after the plenary power of the trial court had expired.  We have looked to the
briefs of the parties in that case for enlightenment.  The petitioner’s brief
on the merits in the supreme court states that “the motion [to reinstate] was
mailed on February [24, 2003,] and ‘deemed filed’ that day.  The
timeliness of the motion, as opposed to its effectiveness, is not at issue.”[4] 
The response to the petition for review acknowledges that “Guest filed her Motion
to Reinstate on February 24, 2003.”[5]  Accordingly,
despite the date of filing as apparently shown in the record, the motion to
reinstate and supporting affidavit to petitioner’s motion to reinstate were timely
filed in that case, within thirty days of the date the judgment was signed on
January 25, 2003, under the “mailbox rule” as provided in rule 5.  See
Tex. R. Civ. P. 5.

In light of the foregoing, and mindful of the supreme court’s
qualifying language merely “assuming” the continued viability of its prior
decisions holding that timely verification and filing of a motion to reinstate are
jurisdictional, we do not read Guest
as implicitly relaxing the thirty-day deadline under rule 165a.  As an
intermediate court, we have exhausted every option to avoid allowing literal
compliance with rule 165a to control over substance, and we remain bound by the
rule as written and the supreme court’s decisions in Butts and McConnell
to hold that, because the motion to reinstate, although timely filed,
was not properly verified and because Real Parties’ counsel’s later affidavit
was not timely filed, the trial court lost plenary power
thirty days after the dismissal order was signed, and that the trial court’s
order purporting to grant reinstatement after that time is void.  See McConnell
v. May, 800 S.W.2d 194, 194 (Tex. 1990) (orig. proceeding) (granting
mandamus relief to set aside order reinstating case more than thirty days after
dismissal on unverified motion); Butts v. Capitol City Nursing Home, Inc.,
705 S.W.2d 696, 697 (Tex. 1986); see also In
re Dickason, 987 S.W.2d 570,
570–71 (Tex. 1998) (orig. proceeding)
(holding trial court order granting new trial signed after expiration of
plenary power had expired is void); Emerald Oaks Hotel/Conf. Ctr.,
Inc. v. Zardenetta, 776 S.W.2d
577, 578 (Tex. 1989) (orig. proceeding)
(holding that no written order of reinstatement having been signed during
court’s plenary period, the judgment of dismissal became final); Walker
v. Harrison, 597 S.W.2d 913, 915
(Tex. 1980) (orig. proceeding) (“This court has repeatedly held
that the time limits provided in rule 165a are mandatory and jurisdictional and that
orders of reinstatement entered after their expiration are void.”).

Accordingly, we deny Real Parties’ motion for en banc
reconsideration of our judgment and opinion of November 15, 2012.

          

 

ANNE GARDNER
JUSTICE

 

EN
BANC

 

DELIVERED:  March 21, 2013








 









[1]Thomson Reuters, Super Lawyers (2013), http://www.superlawyers.com/search?q=michael
whitten texas&1=texas.





[2]We acknowledge that the supreme court in Guest v. Dixon held
that the verification requirement in rule 165a(3) was satisfied by the timely-filed affidavit of the movant’s former attorney in that case
explaining inactivity in the case while he had represented the movant.  See
195 S.W.3d 687, 688–89 (Tex.
2006).  But the
affidavit of the former attorney was timely filed together with the motion to reinstate in that case, as
discussed below.  See id. at 688 & n.2.





[3]Generally,
an attorney’s statements must be under oath to constitute evidence.  Banda v. Garcia, 955 S.W.2d 270, 272
(Tex. 1997).  However, lack of an oath is waived by failure to object
when the opponent knew or should have known an objection was required.  Id.;
Russ v. Titus Hosp. Dist., 128 S.W.3d 332, 338 (Tex. App.—Texarkana 2004, pet. denied).  We also note that
the Texas Government Code defines “affidavit” as a statement in writing of
facts “signed by the party making it, sworn to before an officer authorized to
administer oaths, and officially certified to by the officer under his seal of
office.”  Tex. Gov’t Code Ann. § 312.011(1) (West 2005).  A jurat is not
essential for an affidavit to meet the definition of “affidavit” in section
312.011(1) if there is some other indication in the record that the purported
affidavit was sworn to by the affiant, but the supreme court has recently held
that a complaint that an affidavit fails to meet the requirements of section
312.011(1) must be preserved in the trial court or it is waived.  Mansions
in the Forest, L.P. v. Montgomery Cnty., 365 S.W.3d 314, 317 (Tex. 2012).  Possibly,
the supreme court could similarly alleviate the harshness of the effect of an
unverified motion to reinstate by holding that an objection and opportunity to
cure are required to preserve error.  However, neither Russ nor Mansions
in the Forest involved a jurisdictional requirement for a document to be
sworn, as required by rule 165a in this case, to extend plenary power of the
trial court.  Moreover, Relator’s counsel did object in
writing both to the lack of verification of the motion
to reinstate and to the untimeliness of the affidavit
in this case, and the trial court overruled those objections
in its order granting reinstatement.





[4]Brief for Petitioner at 1 n.1, Guest v. Dixon, 195 S.W.3d 687 (Tex. 2006) (No. 04-0128) (citation
omitted).  The briefs in that case
are not available online.  Paper copies were obtained directly from the Clerk’s Office of
the Supreme Court of Texas.





[5]Response to Petitioners’ Petition
for Review at 9, Guest v. Dixon, 195 S.W.3d 687 (Tex. 2006) (No. 04-0128) (adopted as
Respondent’s Brief on the Merits).