**Motion Granted; Dismissed and Memorandum Opinion filed June 4, 2013.**



**In The**

# Fourteenth Court of Appeals

## NO. 14-13-00340-CV

### AMERIQUEST MORTGAGE COMPANY, Appellant

### V.

### JULIO CARLOS MARRON AND MARIA ROCIO MARRON, Appellees

**On Appeal from the 240th District Court**
**Fort Bend County, Texas**
**Trial Court Cause No. 05-DCV-142458**

## M E M O R A N D U M   O P I N I O N

This is an attempted appeal from an order signed December 20, 2012, dismissing the above referenced suit for want of prosecution. Appellant's notice of appeal was not filed until April 11, 2013. Because it appeared that this court lacks jurisdiction over this appeal, notification was transmitted to all parties of the court's intention to dismiss the appeal for want of jurisdiction unless any party filed a response by May 10, 2013, demonstrating our jurisdiction over the appeal. *See* Tex. R. App. P. 42.3(a). Appellant filed a response on May 10, 2013, but its

response fails to establish that we have jurisdiction to consider this appeal. On May 23, 2013, appellees filed a motion to dismiss the appeal. We grant the motion and order the appeal dismissed.

## APPELLANT'S POST-JUDGMENT MOTION

Appellant first asserts that its motion to retain filed on January 22, 2013, which it agrees should be properly considered as a motion to reinstate, is a timely-filed post-judgment motion.[1] The 30th day after the dismissal order was Saturday, January 19, 2013. Monday, January 21, 2013, was an official holiday in observance of Dr. Martin Luther King, Jr.'s Birthday. *See* Tex. Gov't Code § 662.003; *see also* Fort Bend County, Texas 2013 Holiday Schedule, http://www.fortbendcountytx.gov/index (last visited May 14, 2013). Accordingly, January 22, 2013, was the first day after the 30th day that was not a Saturday, Sunday, or holiday. *See* Tex. R. App. P. 4.1(a). Therefore, appellant's motion to reinstate, filed January 22, 2013, was timely. While we agree with appellant's contention that its motion was timely, we do not agree that the motion operated to extend the appellate deadlines or the trial court's plenary power.

## TEXAS RULE OF CIVIL PROCEDURE 165a

Rule 165a (3) of the Texas Rules of Civil Procedure requires a motion to reinstate be "verified by the movant or his attorney." Tex. R. Civ. P. 165a(3); *see also Guest v. Dixon,* 195 S.W.3d 687, 688-89 (Tex. 2006) (holding that a motion to

---

[1] Courts give effect to the substance of a motion rather than its form or title. *See Surgitek v. Abel*, 997 S.W.2d 598, 601 (Tex. 1999). The substance of the "motion to retain" is a motion to reinstate. Accordingly, we will treat appellant's motion as a motion to reinstate. We note that we do not consider a motion to retain filed *before* dismissal as a substitute for a motion to reinstate. *See In re Bokeloh,* 21 S.W.3d 784, 789-90 (Tex. App.—Houston [14th Dist.] 2000, orig. proceeding).

reinstate supported by an attorney's affidavit can be sufficient); *3V, Inc. v. JTS Enters., Inc.*, 40 S.W.3d 533, 538 (Tex. App.—Houston [14th Dist.] 2000, no pet.) (same). Under Texas Rule of Appellate Procedure 26.1(a), the deadline to perfect an appeal is extended to 90 days after the judgment is signed if "any party timely files . . . a motion to reinstate under Texas Rule of Civil Procedure 165a." Tex. R. App. P. 26.1(a). Though one might conclude that this appellate rule does not require the filing of a proper or a verified motion to reinstate for the appellate deadlines to be extended, the Supreme Court of Texas has held, under the predecessor to this rule, that an unverified motion to reinstate does not extend the appellate timetable. *See Butts v. Capitol City Nursing Home, Inc.*, 705 S.W.2d 696, 697 (Tex. 1986); *see also McConnell v. May,* 800 S.W.2d 194, 194 (Tex. 1990). The language of the predecessor rule that applied in *Butts* was substantially similar to the language of the current rule. Because the language of the applicable rule is substantially similar and because the Supreme Court of Texas has not overruled the *Butts* decision, we are bound by this precedent.[2]

Appellant's motion to reinstate was not verified. Appellant filed an amended verified motion, including sworn affidavits, on February 22, 2013. But, the *Butts* court held that the appellate timetables are not extended unless a verified motion to reinstate is filed within thirty days of the dismissal for want of prosecution, so amending the motion more than thirty days after the order does not extend the

---

[2] In *Guest,* the Texas Supreme Court observed that in recent years it has advocated construing the procedural rules so that the right to appeal is not unnecessarily lost to technicalities. 195 S.W.3d at 688. The high court assumed that the rule in *McConnell,* and its predecessor, *Butts v. Capitol City Nursing Home, Inc.,* 705 S.W.2d 696, 697 (Tex. 1986), survived its later cases. Because *McConnell* and *Butts* have not been overruled, we are compelled to follow them. *See Lubbock Cnty. v. Trammel's Lubbock Bail Bonds*, 80 S.W.3d 580, 585 (Tex. 2002) (stating that it is not the function of an intermediate court of appeals to abrogate or modify established precedent).

appellate timetables.[3] *See Butts*, 705 S.W.2d at 697; *see also Owen v. Hodge*, 874 S.W.2d 301, 303 (Tex. App.—Houston [1st Dist.] 1994, no writ) (holding court of appeals lacked appellate jurisdiction under *Butts* when an unverified motion to reinstate was filed within 30 days but amended to add verification more than thirty days after the dismissal order). Under *Butts*, appellant's attempt to cure its omission, filed more than 30 days after the dismissal judgment, was too late. *See Butts*, 705 S.W.2d at 697; *Owen*, 874 S.W.2d at 302–03. Therefore, the appellate timetable was not extended.

Because appellant's unverified motion did not extend the appellate timetable, its notice of appeal was required to be filed within 30 days after the December 20, 2012 dismissal judgment. *See* Tex. R. App. P. 26.1. Appellant's notice of appeal, filed April 11, 2013, is untimely.[4]

Appellant's notice of appeal was also filed after the 15-day extension period. *See* Tex. R. App. P. 26.3 (permitting an extension based on reasonable grounds if the notice of appeal is filed within 15 days of its due date); *see also Verburgt v. Dorner*, 959 S.W.2d 615, 617 (Tex. 1997) (construing the predecessor to Rule 26 and holding a motion for extension of time is implied when appellant files a notice of appeal beyond the time allowed by Rule 26.1, but within the 15-day grace period provided by Rule 26.3 for filing a motion for extension of time).

---

[3] Appellant argues that the substance of the motion to retain was a motion for new trial, as to which there is no requirement that the motion be verified. As we stated above, we conclude that the substance of the motion is a motion to reinstate. In any event, treating the motion as a motion for new trial and avoiding the verification requirement in this manner would be inconsistent with the holding in *Butts*. *See Butts*, 705 S.W.2d at 697.

[4] We note that even if appellant's motion to reinstate had extended the appellate timetable, appellant's notice of appeal still would have been untimely because it would have been required to be filed by March 20, 2013, 90 days after the judgment was signed. *See* Tex. R. App. P. 26.1.

## TEXAS RULE OF CIVIL PROCEDURE 306a

Appellant's motion to reinstate also contains an allegation that appellant did not receive timely notice of the judgment. Appellant stated that it learned of the judgment on January 22, 2013, when counsel checked the trial court's website. Texas Rule of Civil Procedure 306a, in subparts (4) and (5), provides a procedure to modify the post-judgment timetables so that the time begins on the date that the party receives notice or acquires actual knowledge of the signing of the judgment. Tex. R. Civ. P. 306a(4), (5).

In order to take advantage of the extended time periods provided in paragraph (4) of Rule 306a, the party adversely affected is required to prove in the trial court, on sworn motion and notice, the date upon which the party or his attorney first either received notice of the judgment or acquired actual knowledge of its signing, and that this date was more than twenty days after the date the judgment was signed. Tex. R. Civ. P. 306a(5). The purpose of a sworn motion is to establish a *prima facie* case of lack of notice, thereby invoking the jurisdiction of the trial court for the limited purpose of conducting a hearing to determine the date on which the party or its counsel first received notice or acquired knowledge of the judgment. *Nathan A. Watson Co. v. Employers Mut. Cas. Co*., 218 S.W.3d 797, 800 (Tex. App.—Fort Worth 2007, no pet.). In addition, Texas Rule of Appellate Procedure 4.2 states that after a hearing on a Rule 306a motion, "the trial court must sign a written order that finds the date when the party or the party's attorney first either received notice or acquired actual knowledge that the judgment or order was signed." Tex. R. App. P. 4.2(c).

While appellant did not file a separate motion pursuant to Rule 306a(5), it generally asserted in its motion to reinstate that Rule 306a(4) "provides additional

time to seek reinstatement in cases such as this." The record does not reflect that appellant ever filed a sworn Rule 306a motion, nor does the record reflect that appellant proved in the trial court the date on which appellant or its attorney first either received notice of the dismissal order or acquired actual knowledge of the signing of this order. *See* Tex. R. Civ. P. 306a(5). Therefore, appellant was not entitled to the application of Rule 306a(4) to extend the deadline for filing a sworn motion to reinstate. *See Mem'l Hosp. of Galveston Cnty. v. Gillis*, 741 S.W.2d 364, 365 (Tex. 1987); *In re Bokeloh,* 21 S.W.3d at 791-93. In support of its contention that the failure to verify its motion to reinstate containing its Rule 306a claim is not fatal, appellant cites *Thermex Energy Corp. v. Rantec Corp*., 766 S.W.2d 402 (Tex. App.—Dallas 1989, writ denied). In *Thermex,* the court found that appellant's unverified Rule 306a motion, together with the trial court's affirmative finding, were sufficient to establish when appellant learned of the judgment. *Id.* at 406. The *Thermex* court concluded that the failure to verify the Rule 306a motion did not prevent the trial court from finding that its plenary power had been extended. *Id. Thermex* is not on point because in the case under review, the trial court made no affirmative finding. *See In re Jamea,* No. 14-10-00228-CV, 2010 WL 2968044, *8 (Tex. App.—Houston [14th Dist.] July 29, 2010, orig. proceeding) (mem. op.) (distinguishing *Thermex*). Accordingly, we hold that the trial court's deadline for filing a sworn motion to reinstate was not extended by application of Rule 306a(4).

## RESTRICTED APPEAL

Appellant asserts alternatively that it has filed a restricted appeal. In a restricted appeal, a notice of appeal is timely if it is filed within six months after the judgment is signed. Tex. R. App. P. 26.1(c). A notice of restricted appeal must state: (1) that appellant is a party affected by the trial court's judgment but did not participate—either in person or through counsel—in the hearing that resulted in the

judgment; and (2) that appellant did not timely file a post-judgment motion, a request for findings of fact and conclusions of law, or a notice of appeal. Tex. R. App. P. 25.1(d)(7). Appellant's notice of appeal filed April 11, 2013, did not comply with the rule. A defective notice of appeal can invoke an appellate court's jurisdiction, and the notice may be amended to correct errors or omissions. *Sweed v. Nye*, 323 S.W.3d 873, 875 (Tex. 2010); *Grand Prairie I.S.D. v. S. Parts Imports, Inc.*, 813 S.W.2d 499, 500 (Tex. 1991). Appellant filed an amended notice of appeal on May 3, 2013, containing the requisite recitals. *See* Tex. R. App. P. 25.1(g) (providing an amended notice of appeal may be filed without leave of court at any time before appellant's brief is filed).[5]

Despite the recitals in its notice of appeal, appellant does not meet the requirements for a restricted appeal. One of the prerequisites to filing a restricted appeal is that the aggrieved party did not timely file a post-judgment motion. Tex. R. App. P. 30; *Wolf v. Andreas*, 276 S.W.3d 23, 25 (Tex. App.—El Paso 2008, no pet.) (holding that a restricted appeal is not available if a party timely files a post-judgment motion). As we already have concluded, appellant filed a timely post-judgment motion.[6] The requirements for filing a restricted appeal are jurisdictional. *Clopton v. Pak*, 66 S.W.3d 513, 515 (Tex. App.—-Fort Worth 2001, pet. denied). When a party files a timely post-judgment motion, we lack jurisdiction over a restricted appeal. *P & A Real Estate, Inc. v. American Bank of Texas*, 323 S.W.3d 618, 619 (Tex. App.—Dallas 2010, no pet.).

---

[5] We do not address appellees' complaint that appellant has filed its notice of appeal in an incorrect name because a *bona fide* attempt to invoke this court's jurisdiction may be corrected by amendment. *See Warwick Towers Council of Co–Owners ex. rel. St. Paul Fire & Marine Ins. Co. v. Park Warwick, L.P.*, 244 S.W.3d 838, 839 (Tex. 2008).

[6] The rationale for the holding of the *Butts* court, discussed above, was not that an unverified motion to reinstate is void or not a motion to reinstate; rather, the *Butts* court held that a "proper" and timely motion to reinstate is required to extend the appellate deadlines and that an unverified motion is not a "proper" motion. *See Butts*, 705 S.W.2d at 697.

## CONCLUSION

In conclusion, we hold that appellant's notice of appeal is untimely. Appellant's unverified motion was insufficient to extend the appellate deadlines, and appellant was not entitled to the application of Rule 306a(4) to extend the deadline for filing a sworn motion to reinstate. Because appellant timely filed a post-judgment motion, it is not entitled to a restricted appeal. Accordingly, we lack jurisdiction over the appeal. We grant appellees' motion and order the appeal dismissed.

PER CURIAM

Panel consists of Chief Justice Hedges and Justices Frost and Donovan.