# Supreme Court of Texas

No. 22-0864

In the Interest of A.B. and D.B., Children

On Petition for Review from the
Court of Appeals for the Sixth District of Texas

**PER CURIAM**

A father appeals the trial court's order terminating his parental rights to his two children. After a joint bench trial, the trial court ordered termination of both the father's and the mother's rights in a single order.

By statute, either of two courts of appeals has jurisdiction to entertain the appeal. Father noticed his appeal to one court of appeals. Mother noticed her appeal to the other. Father then amended his notice of appeal to consolidate his appeal into the court of appeals in which Mother's appeal was pending. Though no party objected to the consolidation, that court of appeals concluded that the amended notice could not vest it with jurisdiction, and it dismissed Father's case.

We conclude that Father properly invoked the court of appeals' jurisdiction, and thus the court of appeals erred in dismissing Father's appeal on jurisdictional grounds. Accordingly, we reverse the court of

appeals' judgment and remand the case to that court to consider the merits of Father's appeal.

## I

The Texas Department of Family and Protective Services became concerned for two young children's safety after their father allegedly shattered their mother's bedroom window. The Department sought to terminate Mother A.J.'s and Father D.B.'s parental rights to their two children. Following a bench trial, the Family District Court for the 307th Judicial District of Gregg County found clear and convincing evidence of endangerment, failure to comply with the court-ordered service plan, and abuse of a controlled substance on the part of both parents. The trial court terminated their parental rights under Family Code Section 161.001(b)(1)(D), (E), (O), (P), and (b)(2).

Two court of appeals districts—the Sixth and the Twelfth—have jurisdiction over appeals from Gregg County. *See* TEX. GOV'T CODE § 22.201(g), (m). A party may notice an appeal from a trial court's ruling to either court of appeals.[1]

Father noticed his appeal to the Twelfth Court of Appeals. Meanwhile, Mother noticed her appeal to the Sixth Court of Appeals. Two weeks after Mother filed her notice, Father amended his notice to

---

[1] When there is an option, an appellant selects the court of appeals by denoting it in the notice of appeal. *See* TEX. CIV. PRAC. & REM. CODE § 51.012; TEX. R. APP. P. 25.1(d)(4). The Sixth and Twelfth Courts of Appeals Districts have overlapped since 1963. James T. "Jim" Worthen, *The Organizational & Structural Development of Intermediate Appellate Courts in Texas, 1892–2003*, 46 S. TEX. L. REV. 33, 64-65 (2004); *see* Act of May 8, 1963, 58th Leg., R.S., ch. 198, § 1, 1963 Tex. Gen. Laws 539, 540 (codified at TEX. GOV'T CODE § 22.201).

2

reflect that he was appealing to the Sixth Court under Mother's appellate case number. He also moved to dismiss his appeal in the Twelfth Court, representing that he sought to consolidate appeals from the same trial court proceedings in the Sixth Court. The Twelfth Court granted his motion.

The parties filed their appellate briefs in the Sixth Court. After briefing was complete, the Sixth Court notified the parties of "a potential defect" in the court's jurisdiction and called for supplemental briefing. No party's original or supplemental brief raised an objection to consolidation.

With respect to Mother's appeal, the Sixth Court affirmed and issued a written opinion. ___ S.W.3d ___, 2022 WL 3567911, at *1 (Tex. App.—Texarkana Aug. 19, 2022). In a footnote, however, the court held that it lacked jurisdiction over Father's appeal and ordered it dismissed "for want of jurisdiction." *Id.* at *1 n.2. The court observed that the Texas Rules of Appellate Procedure permit an amended notice of appeal if "filed to correct 'a defect or omission in an earlier filed notice.'" *Id.* (quoting TEX. R. APP. P. 25.1(g)). The Sixth Court decided, however, that Father's "first-filed notice contained no defect or omission" and thus his amended notice of appeal failed to properly invoke the Sixth Court's jurisdiction. *Id.* In so holding, the Sixth Court relied on *Miles v. Ford Motor Co.*, in which our Court held that the court of appeals in which jurisdiction is first invoked acquires dominant jurisdiction over the appeal. *Id.* (quoting 914 S.W.2d 135, 138 (Tex. 1995)).

Mother and Father petitioned for review. We denied Mother's petition. In Father's appeal, we requested merits briefing. In their

3

respective briefs, the Department and Father agree that the Sixth Court improperly evaluated its jurisdiction; both urge that we reverse and remand the case to that court to consider the merits of Father's appeal.

**II**

Texas Rule of Appellate Procedure 25.1(g) permits a party to amend a notice of appeal to correct "a defect or omission in an earlier filed notice." In this case, the "defect or omission" that Father sought to correct was his indication that his appeal was taken to the Twelfth Court of Appeals rather than the Sixth. Father sought to consolidate the appeals arising from the same trial court order.

Father's amended notice sought to comply with the Rules of Judicial Administration, which require consolidation of multiple appeals from a single judgment or order in one court of appeals:

> If notices of appeal filed by two or more parties from a single judgment or order designate different courts of appeals that have jurisdiction of the appeal because the county in which the trial court sits is assigned to more than one appellate district, the appeals must be consolidated in one of the courts of appeals.

TEX. R. JUD. ADMIN. 15.2. Father's amended notice referenced Mother's appellate case number to comply with Rule 15.2.[2]

---

[2] Rule of Judicial Administration 15.2 is mandatory; two appeals from a single judgment filed in different courts "must" be consolidated. In other words, Father was required to seek consolidation with Mother's appeal in either the Sixth or Twelfth Court. In the ordinary process, appealing parties must notify the clerks of the respective courts of appeals of any objection to consolidation under Rule of Judicial Administration 15.3, and the courts may then make an appropriate transfer under that Rule (or Rule 15.4 when the parties cannot agree). These provisions do not exclude other methods for the parties to achieve consolidation of appeals arising from the same trial court judgment or order.

4

The Sixth Court erred in concluding that Father's first-filed notice to the Twelfth Court could not be altered by subsequent amendment to achieve consolidation of the two appeals. The Sixth Court of Appeals should have applied Rule of Judicial Administration 15.2 to consolidate both parents' appeals and reach the merits.

The Twelfth Court's dismissal of the appeal upon Father's motion did not divest the Sixth Court of jurisdiction. The Sixth Court concluded in error that the Twelfth Court's dismissal fully adjudicated Father's appeal. 2022 WL 3567911, at *1 n.2. Rule of Appellate Procedure 42.1(a)(1) provides that an appellate court may not dismiss an appeal if "such disposition would prevent a party from seeking relief to which it would otherwise be entitled." The Twelfth Court's dismissal, which explicitly withheld adjudication under Rule 42.1(a)(1), was without prejudice to Father's pursuit of his appellate rights in the Sixth Court. The Sixth Court improperly interpreted the dismissal as a final disposition preventing Father from seeking further relief in a court of appeals.

Our opinion in *Miles v. Ford Motor Co.* does not compel dismissal for lack of jurisdiction. In *Miles*, the plaintiffs sued for a product defect and won a jury verdict. 914 S.W.2d at 136-37. Upon final judgment, the plaintiffs appealed an earlier adverse partial summary judgment to the Sixth Court of Appeals, and the defendants appealed the judgment on the jury verdict to the Twelfth Court of Appeals. *Id.* at 137. One defendant moved to consolidate the appeals. *Id.* In the ensuing proceedings, the parties agreed that the appeals should be consolidated but contested which court should hear the appeal. *Id.* at 137-38. Our

5

Court agreed that the plaintiffs' "venue selection should control because they were the first to perfect an appeal," and thus the Sixth Court acquired dominant jurisdiction over the case. *Id.* at 138. Our Court observed that "a court of appeals 'will not be permitted to interfere with the previously attached jurisdiction of another court of co-ordinate power.'" *Id.* (quoting *Morrow v. Corbin*, 62 S.W.2d 641, 645 (Tex. 1933)).

In this case, the Sixth Court overlooked a nuance of *Miles* that makes it clear that it had jurisdiction to decide Father's appeal. In *Miles*, a defendant argued that the plaintiffs invoked the jurisdiction of the Sixth Court "as a pretext merely to establish venue" and did not intend to prosecute their appeal. *Id.* at 138-39. In rejecting that argument, we did not require the court of appeals to dismiss the second appeal for lack of jurisdiction. Rather, we held that "abatement [of the second appeal] is the more appropriate remedy." *Id.* at 139. While we recognized that dominant jurisdiction vests in the court of appeals to which the first appeal is taken, that dominant jurisdiction does not dissolve the second-noticed court of appeals' jurisdiction. Instead, the Twelfth Court was to yield to the Sixth Court for so long as the appeal in the latter was prosecuted in good faith. *Id.*

In contrast to the situation in *Miles*, no pending proceeding impedes the Sixth Court's jurisdiction. Even if the Twelfth Court initially acquired dominant jurisdiction, Father successfully dismissed his appeal without regard to the merits, *see* TEX. R. APP. P. 42.1(a)(1), and demonstrated his lack of intent to prosecute his appeal in that court. Mother and the Department did not object to the dismissal or to the consolidation of the two appeals in the Sixth Court. Father

demonstrated his lack of intent to prosecute the appeal in the Twelfth Court, so the Sixth Court became the dominant (and only) venue to hear the appeal.

Finally, "we have repeatedly stressed that procedural rules should be construed and applied so that the right of appeal is not unnecessarily lost to technicalities." *Guest v. Dixon*, 195 S.W.3d 687, 688 (Tex. 2006). The Sixth Court's dismissal contravened "[o]ur decisions reflect[ing] the policy embodied in our appellate rules that disfavors disposing of appeals based upon harmless procedural defects." *Verburgt v. Dorner*, 959 S.W.2d 615, 616 (Tex. 1997). The Department confesses that the merits were properly before the Sixth Court and that the court erred in dismissing Father's appeal for want of jurisdiction. There was "no question of unfair surprise or confusion" to any party that might preclude the court of appeals from adjudicating the merits. *State ex rel. Durden v. Shahan*, 658 S.W.3d 300, 305 (Tex. 2022).

* * *

We hold that the Sixth Court of Appeals erred in dismissing Father's appeal for lack of jurisdiction. Accordingly, without hearing oral argument, *see* TEX. R. APP. P. 59.1, we reverse the judgment of the court of appeals and remand for the Sixth Court to consider the merits of Father's appeal.


**OPINION DELIVERED:** September 15, 2023

7