**P & A REAL ESTATE, INC., Appellant,**

v.

**AMERICAN BANK OF TEXAS, Appellee.**

**No. 05–10–00538–CV.**

Court of Appeals of Texas, Dallas.

Sept. 21, 2010.

Jules P. Slim, Irving, TX, for Appellant.

Stephen C. Rasch, Richard B. Phillips, Thompson & Knight, L.L.P., Dallas, TX, for Appellee.

Before Chief Justice WRIGHT and Justices O'NEILL and MYERS.

## OPINION

Opinion By Justice MYERS.

The trial court signed a default judgment against P & A Real Estate, Inc. on November 2, 2009. On that same date, the trial court granted American Bank of Texas's motion to sever its claims against P & A Real Estate from its claims against the remaining two parties. P & A Real Estate filed a timely motion for new trial under the original cause number. Subsequently, it filed a second untimely motion for new trial under the severed cause number. In its second motion for new trial, P & A Real Estate explained that it filed the first motion for new trial in the original cause number because it had not yet been notified of the new cause number. On April

30, 2010, P & A Real Estate filed its notice of restricted appeal.

American Bank of Texas moved to dismiss on the ground that the notice of appeal was untimely. That motion was originally denied. We now have before us American Bank of Texas's motion to reconsider. In its motion to reconsider, American Bank of Texas argues that a restricted appeal is not available to P & A Real Estate because it had filed a motion for new trial. In its response to the original motion to dismiss, P & A Real Estate argued that its timely filed motion for new trial is irrelevant because it was filed under the wrong cause number.

■ A party who did not participate—either in person or through counsel—in the hearing that resulted in the judgment complained of and who did not timely file a post-judgment motion or notice of appeal, may file a notice of restricted appeal within six months after the judgment is signed. TEX.R.APP. P. 30. However, when a party files a timely post-judgment motion, we lack jurisdiction over a restricted appeal. *See Laboratoty Corp. of Am. v. Mid–Town Surgical Center, Inc.,* 16 S.W.3d 527, 528 (Tex.App.-Dallas 2000, no pet.).

The supreme court has held that a motion for new trial is effective even though it was filed under the wrong cause number. *Blankenship v. Robins,* 878 S.W.2d 138, 139 (Tex.1994). The court held that the filing of the motion for new trial under the wrong cause number was a bona fide attempt to invoke the appellate court's jurisdiction. *Id.* The supreme court has also held that a notice of appeal is effective even though it had the wrong cause number on it because there was no suggestion of confusion. *See City of San Antonio v. Rodriguez,* 828 S.W.2d 417, 418 (Tex.1992) (per curiam).

In the second motion for new trial filed under the severed cause number, P & A Real Estate explained the first motion for new trial was filed in the old cause number was because it had not been notified of the assignment of the new cause number. There was never any suggestion of any confusion. Because P & A Real Estate filed a timely post-judgment motion, a restricted appeal is not an option.

Pursuant to the regular appellate timetable, the notice of appeal was due January 31, 2010. *See* TEX.R.APP. P. 26.1(a)(1). The notice of appeal filed by P & A Real Estate on April 30, 2010 was untimely.

Without a timely filed notice of appeal, this Court lacks jurisdiction. *See* TEX. R.APP. P. 25.1(b). Accordingly, we grant American Bank of Texas's motion to reconsider its motion to dismiss. We dismiss this appeal for want of jurisdiction. *See* TEX.R.APP. P. 42.1(a)(1).