**DISMISS; Opinion Filed March 18, 2019.**



In The

# Court of Appeals
# Fifth District of Texas at Dallas

### No. 05-19-00069-CV

### IN THE INTEREST OF H.M.L., A CHILD

**On Appeal from the 417th Judicial District Court**
**Collin County, Texas**
**Trial Court Cause No. 417-55477-2017**

## MEMORANDUM OPINION

Before Justices Brown, Schenck, and Pedersen, III
Opinion by Justice Schenck

This appeal arises from the termination of appellant's parental rights to H.M.L. On January 21, 2019, appellee Mother objected to appellant Father's restricted appeal, asserting Father had participated in the proceedings below and timely filed a post-judgment motion. After reviewing Mother's objection and the clerk's record, we questioned whether the appeal comported with rule 30 of our appellate rules. TEX. R. APP. P. 30. By order dated January 24, 2019, this Court ordered appellant to file a response to Mother's objection. In his response, Father, who is incarcerated, argued that he had not "participated" in the proceedings below because the trial court had not "recognized" his filing of a motion for new trial or notice of appeal. Father further asked that this Court treat his notice of appeal as whatever type of appeal would grant us jurisdiction to hear his issues. Because we conclude there are no exceptions that would allow the Court to exercise jurisdiction over this appeal, we dismiss for want of jurisdiction.

A party who did not participate—either in person or through counsel—in the hearing that resulted in the judgment complained of and who did not timely file a post-judgment motion or notice of appeal may file a notice of restricted appeal within six months after the judgment is signed. *See* TEX. R. APP. P. 26.1(c), 30. However, when a party files a timely post-judgment motion, we lack jurisdiction over a restricted appeal. *See P & A Real Estate, Inc. v. Am. Bank of Tex.*, 323 S.W.3d 618, 619 (Tex. App.—Dallas 2010, no pet.). Because the record reflects Father timely filed his motion for new trial within thirty days of the September 11, 2018 final decree of divorce, which terminated his parental rights to H.M.L., we lack jurisdiction over Father's restricted appeal. *See id.*; *see also* TEX. R. CIV. P. 329b(a) (requiring motion for new trial, if any, to be filed prior to or within thirty days after complained of order or judgment is signed).

In light of Father's request to treat his appeal as whatever type of appeal would grant us jurisdiction to hear his issues, we now consider whether we could treat his notice of restricted appeal as a timely filed notice of appeal.

The timely filing of a notice of appeal is jurisdictional. *See* TEX. R. APP. P. 25.1(b); *In Interest of A.N.*, No. 05-17-00581-CV, 2017 WL 3764588, at *1 (Tex. App.—Dallas Aug. 31, 2007, no pet.). Parental terminations are governed by rules for accelerated appeals. *See* TEX. R. APP. P. 28.4(a)(1). In an accelerated appeal, the timeline to file a notice of appeal is shortened from thirty days to twenty days after the final judgment or order is signed. *See* TEX. FAM. CODE ANN. § 109.002(a); *id.* 26.1(b). We may, however, extend the deadline to file the notice of the appeal, if within fifteen days after the initial deadline for filing the notice of appeal, the party files in the trial court the notice of appeal and files in our Court a motion complying with rule 10.5(b). *See* TEX. R. APP. P. 26.3.

As noted above, the trial court rendered the final decree of divorce on September 11, 2018, making the notice of appeal due twenty days later on October 1, 2018. Had Father filed a notice

of appeal within fifteen days of that deadline, we would have the authority to extend the deadline for filing the notice of appeal to the date of his filing, at the latest on October 16, 2018. *See id.* 26.1(b), 26.3. Unfortunately, here, Father filed his notice of restricted appeal on January 17, 2019, which is 129 days after the divorce decree was signed. In that same notice of restricted appeal, Father asserted he filed a notice of appeal on December 10, 2018. The clerk's record contains no notice of appeal dated December 10, 2018. Regardless, even if a notice of appeal had been filed at that point, it would have been filed 91 days after the divorce decree was signed and would be untimely. Thus, we must conclude that Father failed to perfect his appeal.

Accordingly, we dismiss the appeal for want of jurisdiction. *See* TEX. R. APP. P. 42.3(a).

/David J. Schenck/
DAVID J. SCHENCK
JUSTICE

190069F.P05



# Court of Appeals
# Fifth District of Texas at Dallas

## JUDGMENT

IN THE INTEREST OF H.M.L., A CHILD

No. 05-19-00069-CV

On Appeal from the 417th Judicial District Court, Collin County, Texas
Trial Court Cause No. 417-55477-2017.
Opinion delivered by Justice Schenck. Justices Brown and Pedersen, III participating.

In accordance with this Court's opinion of this date, the appeal is **DISMISSED** for want of jurisdiction.

It is **ORDERED** that appellee ASHLEY LOCKRIDGE recover her costs of this appeal from appellant JOE LOCKRIDGE.

Judgment entered this 18th day of March 2019.