**DISMISSED and Opinion Filed August 5, 2019.**



In The

# Court of Appeals
# Fifth District of Texas at Dallas

## No. 05-18-01058-CV

**LINDA SPROWL, Appellant**
**V.**
**MERCEDES P. STILES, Appellee**

**On Appeal from the 298th Judicial District Court**
**Dallas County, Texas**
**Trial Court Cause No. DC-18-07952**

# MEMORANDUM OPINION

Before Justices Myers, Molberg, and Carlyle
Opinion by Justice Carlyle

Linda Sprowl appeals pro se from the trial court's grant of a no-evidence summary judgment in favor of Mercedes P. Stiles. Despite prompting and multiple opportunities from this Court, Sprowl has not filed a brief that complies with the Texas Rules of Appellate Procedure. *See* TEX. R. APP. P. 38.1. We therefore dismiss her appeal. *See* TEX. R. APP. P. 42.3; *Bolling v. Farmers Branch Indep. Sch. Dist.*, 315 S.W.3d 893, 895 (Tex. App.—Dallas 2010, no pet.).

## I. Background

Sprowl sued Stiles in March 2017, alleging "destruction of private property, fraud, defamation, intentional infliction of emotional distress, harassment and, physical damages resulting from [an] assault" that purportedly occurred in March 2016. Sprowl amended her petition

in August 2017, and the case was set for trial in January 2018. Following an agreed motion to continue, the trial was re-set for June 2018.

A year after the case was filed, in March 2018, Stiles filed a motion for summary judgment under Texas Rule of Civil Procedure 166a(i) contending there was no evidence to support one or more of the essential elements for each of Sprowl's claims. Stiles set that motion for hearing on May 2, 2018, and Sprowl did not timely file a response. Instead, the day before the hearing, she filed a Second Amended Petition and a motion to strike Stiles's summary-judgment motion.

In her Second Amended Petition, Sprowl added SAFECO Inc. as a party, although she did not identify any facts or claims specific to SAFECO. In her motion to strike, Sprowl neither attached evidence nor directly addressed the merits of Stiles's no-evidence motion. Instead, she argued the court should strike Stiles's motion because she never received a hardcopy of it—despite evidence in the record showing she opened an electronically served copy on March 10, 2018.[1] She also contended Stiles should be responsible for obtaining any evidence. According to Sprowl: "[F]or [her] to supply Defendant(s) with all evidence necessary it is 'too burdensome, expensive and can be obtained via an easier source'." Although "more evidence is available," she said, "[Stiles] must pay for it, not [her]." Citing federal authorities, Sprowl further argued that her petition should not be "dismissed unless 'frivolous on its face or wholly unsubstantial." Finally, she argued summary judgment could not be awarded to Stiles without a record or evidence of Stiles's innocence.

Alternatively, Sprowl asked for a continuance, stating that she had "a solid and meritorious case for each and every count set forth in her Petition and, if given time, [would] be able to present

---

[1] Sprowl asserted in subsequent proceedings that, although she clicked on the link for the document, her computer was not equipped to open the file. Sprowl also acknowledged she did not open certified mail sent to her by Stiles's counsel, because she assumed it did not contain a copy of the motion.

a solid case for damages with sufficient evidence available." In support of her request, Sprowl alleged she needed more time to both find an attorney and conduct discovery, citing the discovery requests she filed that day.[2] She said she would need "a minim[um] of ninety (90) days to complete gathering evidence in preparation to meet the charge set forth in Defendant's MSJ and/or trial of this matter."

There is no reporter's record of the May 2 hearing. Nevertheless, the trial court granted Stiles's no-evidence motion for summary judgment by written order that day and dismissed Sprowl's claims against Stiles. Later that week, Stiles non-suited her counterclaims and filed a motion asking the trial court to sever the judgment in her favor into a separate case so it would become final and appealable. The motion to sever was set for hearing on June 15 and granted that day.

Sprowl contends she was locked out of the June 15 hearing because she showed up late, which she attributes to the clerk's office taking too long to process documents she waited until immediately before the hearing to file. Among the documents Sprowl filed that day was a motion to reconsider the no-evidence summary judgment granted to Stiles. In her motion for reconsideration, Sprowl contended, among other things, that she failed to timely respond to Stiles's motion because she did not know how to use the e-filing system through which the motion was served, and her computer was not equipped to view the motion. And because she purportedly could not view the motion, she could not substantively respond. She also explained her belief that filing a motion to strike "would serve the same purpose" as filing a response.

Stiles responded to the motion for reconsideration and pointed out both that Sprowl admitted receiving but not opening the package Stiles sent by certified mail (which purportedly

---

[2] The record indicates she filed a request for disclosure purportedly served on April 28, 2018 and an authorization to release medical records signed April 26, 2018.

contained a hard copy of the motion). At the July 3 hearing on her motion to reconsider, Sprowl reiterated the arguments in her motion[3] and asked the court to consider exhibits she brought to the hearing. The trial court asked whether any of the exhibits had been filed previously. Sprowl replied that the exhibits were not filed because it would have been difficult to file through the court's e-filing system. The trial court explained that, as a pro se litigant, Sprowl was not required to use the e-filing system. The court further explained that, "even though you're representing yourself, you are responsible for following the rules as if you were a lawyer. . . . And one of the rules, having to do with summary judgment, is that a written response with evidence has to be filed seven days prior to the hearing. So, bringing them here today is not the same thing as following the rules."

The trial court denied Sprowl's motion to reconsider by written order on July 17. Soon after, Sprowl informed the trial court that she wished to dismiss her claims against SAFECO so she could pursue an appeal. The trial court thus entered a final judgment in favor of SAFECO, and Sprowl filed her notice of appeal on September 12. The notice of appeal, which Sprowl amended on September 17, challenges "the order granting Interlocutory Partial 'No-Evidence' Summary Judgment filed on May 2, 2018."

Sprowl filed her "Amended Appellant's Brief and Memorandum of Points and Authorities" on October 16. This Court then notified her on October 26 that her brief did not conform to the Texas Rules of Appellate Procedure. Our notice stated that "[f]ailure to file an amended brief that complies with the Texas Rules of Appellate Procedure within 10 days of the date of this letter may result in dismissal of this appeal without further notice from the Court." Sprowl did not file an amended brief within ten days.

---

[3] Sprowl amended the motion to reconsider twice before the July 3 hearing, but the amended motions did not advance arguments that were materially different from those made in the original motion.

On November 12, Sprowl filed a motion for continuance, asking us to give her an extension to file her amended brief because, among other reasons, she had been sick and was having computer problems. We granted the motion and ordered Sprowl to file an "amended brief in paper either in person or by mail" by November 30. She did not file an amended brief by November 30.

On December 3, she e-filed a second motion for a continuance in which she contended "the E-Filing system continues to be 'down' which prevented filing the Brief yesterday evening or this Continuance." She added that she had been trying to contact various court employees, as well as the "Efile company several times to no avail." We again granted her a continuance on December 4, noting our previous order that she file her amended brief either in person or by mail. In our December 4 order, we ordered Sprowl "to file, by **December 14, 2018**, her amended brief **in paper either in person or by mail**." We also cautioned Sprowl that further requests for extension would be disfavored. Sprowl did not file an amended brief.

## II. We have jurisdiction over Sprowl's appeal.

Stiles challenges our jurisdiction, contending Sprowl's notice of appeal was untimely and filed under the wrong (pre-severance) case number.[4] A party who wishes to appeal generally must file a notice of appeal within 30 days of the final judgment. TEX. R. APP. P. 26.1. That deadline is extended to 90 days when a party timely files either a motion for new trial or a motion to modify the judgment. *See id.* 26.1(a). When a party files a motion for reconsideration that seeks reversal or modification of a judgment, we treat it as a motion for new trial or to modify the judgment for purposes of the appellate deadlines. *See Padilla v. La France*, 907 S.W.2d 454, 458 (Tex. 1995) (concluding that a "motion for reconsideration was the equivalent of a motion to modify the judgment, extending the appellate deadlines."); *Tunad Enters., Inc. v. Palma*, No. 05-17-00208-

---

[4] Stiles's summary judgment was assigned to cause number DC-18-07952 following the severance, while Sprowl's notice of appeal was filed under cause number DC-17-03714.

CV, 2018 WL 3134891, at *4 (Tex. App.—Dallas June 27, 2018, no pet.) (mem. op.) (concluding that a motion to reconsider extended the appellate deadlines).

The judgment against Sprowl became final and appealable when it was severed on June 15. Sprowl then filed a timely motion to reconsider the judgment.[5] The deadline for filing a notice of appeal was thus extended to 90 days after the judgment, which in this case was September 13. Accordingly, Sprowl's September 12 notice of appeal was timely.

It makes no difference that Sprowl filed both the motion to reconsider and the notice of appeal under the wrong cause number. Where there is no suggestion of confusion as to the judgment at issue, filing a motion for new trial or notice of appeal under the wrong cause number will not defeat jurisdiction. *See P & A Real Estate, Inc. v. Am. Bank of Tex.*, 323 S.W.3d 618, 619 (Tex. App.—Dallas 2010, no pet.). The supreme court has expressed a strong preference for merits dispositions, and that we should "construe the Rules of Appellate Procedure reasonably, yet liberally, so that the right to appeal is not lost by imposing requirements not absolutely necessary to effect the purpose of a rule." *Verburgt v. Dorner*, 959 S.W.2d 615, 616–17 (Tex. 1997) (citations omitted); *Kunstoplast of Am., Inc. v. Formosa Plastics Corp., USA*, 937 S.W.2d 455, 456 (Tex. 1996); *see also Ryland Enter. v. Weatherspoon*, 355 S.W.3d 664, 665 (Tex. 2011); *In re C.R.*, No. 05-18-00412-CV, 2018 WL 4537626, at *3 (Tex. App.—Dallas Sept. 21, 2018, no pet.) (Schenck, J., concurring). Here, both Sprowl's motion for reconsideration and her notice of appeal made clear her desire to revisit the trial court's grant of summary judgment in favor of Stiles. Thus, Sprowl's timely motions, despite being filed under the wrong cause number, were sufficient to perfect our jurisdiction.

---

[5] Sprowl's motion to reconsider was filed the day the severance order was signed, June 15, and it was amended both on July 2 and July 3.

**III. Sprowl's brief does not comply with the Texas Rules of Appellate Procedure.**

Although civil litigants have the right to represent themselves at trial and on appeal in Texas courts, that right comes with the responsibility to adhere to our rules of evidence and procedure. *See Bolling*, 315 S.W.3d at 895. Our appellate rules have specific requirements for briefing. *See* TEX. R. APP. P. 38. Under those rules, appellants must "state concisely the complaint they may have, provide understandable, succinct, and clear argument for why their complaint has merit in fact and in law, and cite and apply law that is applicable to the complaint being made along with record references that are appropriate." *Bolling*, 315 S.W.3d at 895.

"We are not responsible for searching the record for facts that may be favorable to a party's position." *Id.* Nor are we "responsible for doing legal research that might support a party's contentions." *Id.* "Were we to do so, even for a pro se litigant untrained in law, we would be abandoning our role as judges and become an advocate for that party." *Id.*

Rule 38.1(f) requires an appellant to articulate the issues presented such that we can discern which questions of law we will be answering. *Id.* at 896. If an appellant does not adequately articulate the issues, her brief fails. *Id.* Even where an issue is discernable, Rule 38.1(i) requires a brief that "guide[s] us through the appellant's argument with clear and understandable statements of the contentions being made. If we must speculate or guess about what contentions are being made, then the brief fails." *Id.* Any "statements of fact must be supported by direct references to the record that are precise in locating the fact asserted. If record references are not made or are inaccurate, misstated, or misleading, the brief fails." *Id.* Further, "existing legal authority applicable to the facts and the questions we are called on to answer must be accurately cited. References to legal authority that have nothing to do with the issue to be decided" do not comply with Rule 38.1(i). *Id.* If a brief does not cite "existing authority that can be applied to the facts of the case, the brief fails." *Id.*

Sprowl failed to file a brief that complies with our rules, despite being notified of her brief's deficiencies and being given multiple opportunities to amend. Not only does she fail to adequately articulate the legal issues presented, her brief is completely devoid of record references. *See Hernandez v. Dallas Indep. Sch. Dist.*, No. 05-17-00227, 2018 WL 1835692, at *2 (Tex. App.—Dallas Apr. 18, 2018, no pet.) (mem. op.) ("Because Hernandez's brief is unsupported by appropriate citations to the record, he has preserved nothing for our review.").[6] Sprowl also fails to provide sufficiently clear arguments supported by relevant authorities. We therefore dismiss her appeal. *See* TEX. R. APP. P. 42.3; *Bolling*, 315 S.W.3d at 895.

/Cory L. Carlyle/
CORY L. CARLYLE
JUSTICE

181058F.P05

---

[6] Sprowl occasionally refers to documents attached to her appellate brief as exhibits. But she does not indicate if or where those exhibits are in the record. *See Nev. Nat'l Advert., Inc. v. Silverleaf Resorts, Inc.*, No. 05-16-00694, 2017 WL 655949, at *8 n.6 (Tex. App.—Dallas Feb. 17, 2017, no pet.) (mem. op.) ("The attachment of documents as exhibits or appendices to appellate briefs is not formal inclusion in the record on appeal and, therefore, such documents should not be considered.").



# Court of Appeals
# Fifth District of Texas at Dallas

## JUDGMENT

LINDA SPROWL, Appellant

No. 05-18-01058-CV      V.

MERCEDES P. STILES, Appellee

On Appeal from the 298th Judicial District Court, Dallas County, Texas
Trial Court Cause No. DC-18-07952.
Opinion delivered by Justice Carlyle.
Justices Myers and Molberg participating.

In accordance with this Court's opinion of this date, the appeal is **DISMISSED**.

Judgment entered this 5th day of August, 2019.