**Opinion issued April 18, 2023**



In The

# Court of Appeals

For The

# First District of Texas

————————————

## NO. 01-22-00922-CV

————————————

**FITZ D. JACKSON, Appellant**

**V.**

**COURTNEY E. JAMES, Appellee**

---

**On Appeal from the Probate Court No. 2**
**Harris County, Texas**
**Trial Court Case No. 486625**

---

## MEMORANDUM OPINION

On December 12, 2022, appellant Fitz D. Jackson filed a pro se notice of restricted appeal from the trial court's August 12, 2022 final judgment, granting judgment on the parties' December 28, 2020 settlement agreement, and denying appellant's motions to set aside the agreement and to dismiss the mediation

settlement ruling. On December 19, 2022, appellant filed a motion to dismiss his appeal, stating that he was voluntarily withdrawing his restricted appeal "since I did not properly cancel the Post-Judgment Motions as I should."

The clerk's record was filed on March 8, 2023. This revealed that the trial court set the case for trial on July 28, 2022. Just before that date, appellant advised the trial court that he was ill and would not be able to participate in trial. Appellant did not request a continuance of trial. The trial court attempted to hold the trial via zoom, but appellant did not join. The trial court signed its judgment on August 12, 2022, noting that appellant defaulted. On August 17 2022, appellant filed a post-judgment motion to set aside the August 12, 2022 judgment.

A notice of appeal is generally due to be filed within thirty days after the judgment is signed. *See* TEX. R. APP. P. 26.1. A timely filed post-judgment motion will extend the deadline to file the notice of appeal to ninety days after the judgment is signed. *See* TEX. R. APP. P. 26.1(a). But a party may file a notice of restricted appeal within six months after judgment was signed. *See* TEX. R. APP. P. 26.1(c). In a restricted appeal, the filing party must show that:

(1) he filed notice of the restricted appeal within six months after the judgment was signed;

(2) he was a party to the underlying lawsuit;

(3) he did not participate in the hearing that resulted in the judgment complained of, and did not timely file any post-judgment motions or requests for findings of fact and conclusions of law; and

2

(4) error is apparent on the face of the record.

*Ex parte E.H.*, 602 S.W.3d 486, 495 (Tex. 2020).  The first three requirements are jurisdictional, but the fourth one is not.  *See id.* at 497 (holding that fourth requirement is not jurisdictional as it requires analysis of merits of appellant's grounds for appeal).  A party who did not participate in person or through counsel and did not timely file a post-judgment motion or timely file a notice of appeal may file a notice of restricted appeal.  *See* TEX. R. APP. P. 30.

In his motion to dismiss his appeal, appellant stated that he had filed, and failed to withdraw, a post-judgment motion and this indicates that appellant was aware that the timely filing of a post-judgment motion could affect his ability to seek a restricted appeal.  Out of an abundance of caution, the Court issued a notice on April 4, 2023, advising appellant that the Court might dismiss the appeal for lack of jurisdiction because appellant had timely filed a post-judgment motion.  The Court advised appellant that he should respond to the notice within ten days with authority supporting a claim that we had jurisdiction over this appeal.

On April 7, 2023, appellant filed a response, claiming that he did not properly execute the post-judgment motion and that he withdrew the motion within 24 hours of filing.  But a review of the motion indicates that it is signed by appellant, was filed on August 17, 2022, and nothing in the record indicates that it was withdrawn.

Appellate courts lack jurisdiction over a restricted appeal when the appellant filed a timely post-judgment motion. *See P & A Real Estate, Inc. v. Am. Bank of Tex.*, 323 S.W.3d 618, 619 (Tex. App.—Dallas 2010, no pet.); *Ameriquest Mortg. Co. v. Marron*, No. 14-13-00340-CV, 2013 WL 2444602, at *4 (Tex. App.—Houston [14th Dist.] June 4, 2013, pet. denied) (mem. op.). Because appellant filed a timely post-judgment motion, we lack jurisdiction and must dismiss. *See Ameriquest*, 2013 WL 2444602, at *4.

Accordingly, we dismiss this appeal for lack of jurisdiction. Any pending motions are dismissed as moot.

**PER CURIAM**

Panel consists of Chief Justice Adams and Justices Kelly and Goodman.