**Opinion issued February 27, 2025**



In The

# Court of Appeals

For The

# First District of Texas

———————————

## NO. 01-23-00944-CV

———————————

**ANTHONY RAY MCGILL, Appellant**

**V.**

**AP MCGILL ENTERPRISES, LLC AND PANDORA LEE, Appellees**

---

**On Appeal from the 190th District Court**
**Harris County, Texas**
**Trial Court Case No. 2021-22668**

---

## MEMORANDUM OPINION

On December 15, 2023, appellant Anthony Ray McGill filed a notice of restricted appeal attempting to appeal from a final judgment signed on July 18, 2023 and a subsequent judgment nunc pro tunc signed on August 7, 2023. Appellees have filed a motion to dismiss the appeal because appellant timely filed a motion for new

trial and thus fails to satisfy a jurisdictional requirement for a restricted appeal. Appellees also request sanctions against appellant for filing a frivolous appeal. Appellant did not respond to the motion to dismiss. We grant the motion to dismiss the appeal and deny the request for sanctions.

A notice of appeal is generally due to be filed within thirty days after the judgment is signed. *See* TEX. R. APP. P. 26.1. A timely filed post-judgment motion will extend the deadline to file the notice of appeal to ninety days after the judgment is signed. *See* TEX. R. APP. P. 26.1(a). But a party may file a notice of restricted appeal within six months after the judgment or order is signed. *See* TEX. R. APP. P. 26.1(c).

Rule 30 of the Texas Rules of Appellate Procedure, dealing with restrictive appeals, provides:

> A party who did not participate—either in person or through counsel—in the hearing that resulted in the judgment complained of and who did not timely file a postjudgment motion or request for findings of fact and conclusions of law, or a notice of appeal within the time permitted by Rule 26.1(a), may file a notice of appeal within the time permitted by Rule 26.1(c).

TEX. R. APP. P. 30. A restricted appeal provides a party who did not participate at trial the opportunity to correct an erroneous judgment.

In a restricted appeal, the filing party must show that: (1) he filed notice of the restricted appeal within six months after the judgment was signed; (2) he was a party to the underlying lawsuit; (3) he did not participate in the hearing that resulted in the

2

judgment complained of, and did not timely file any post-judgment motions or requests for findings of fact and conclusions of law; and (4) error is apparent on the face of the record. *Ex parte E.H.*, 602 S.W.3d 486, 495 (Tex. 2020). The first three requirements are jurisdictional, but the fourth one is not. *See id.* at 497 (holding that fourth requirement is not jurisdictional as it requires analysis of merits of appellant's grounds for appeal).

Appellant's notice of restricted appeal avers that "Defendant did not timely file either a post-judgment motion, request for findings of fact and conclusions of law, or notice of appeal." But, as appellees correctly note in their motion to dismiss, the clerk's record demonstrates that appellant filed a timely motion for new trial on September 6, 2023. Appellees filed a response to the motion for new trial on September 21, 2023. The motion for new trial was denied by operation of law on October 1, 2023. *See* TEX. R. CIV. P. 329b(c).

Appellate courts lack jurisdiction over a restricted appeal when the appellant filed a timely post-judgment motion. *See P & A Real Estate, Inc. v. Am. Bank of Tex.*, 323 S.W.3d 618, 619 (Tex. App.—Dallas 2010, no pet.); *Ameriquest Mortg. Co. v. Marron*, No. 14-13-00340-CV, 2013 WL 2444602, at *4 (Tex. App.—Houston [14th Dist.] June 4, 2013, pet. denied) (mem. op.). Here, because appellant filed a timely post-judgment motion, we lack jurisdiction and must dismiss the appeal. *See Ameriquest*, 2013 WL 2444602, at *4.

Accordingly, we dismiss this appeal for lack of jurisdiction. Appellees' request for sanctions under Texas Rule of Appellate Procedure 45 is denied. Any other pending motions are dismissed as moot.

**PER CURIAM**

Panel consists of Justices Guerra, Caughey, and Morgan.