Opinion issued April 8, 2025



**In The**

# Court of Appeals

**For The**

# First District of Texas

———————————

**NO. 01-23-00688-CV**

———————————

**IN THE INTEREST OF E. J. M.**

---

**On Appeal from the 313th District Court**
**Harris County, Texas**
**Trial Court Case No. 2023-13857**

---

**MEMORANDUM OPINION**

On September 19, 2023, appellant Donna Valverde filed a notice of restricted appeal attempting to appeal from a decree of adoption issued on March 20, 2023. We dismiss the appeal for lack of jurisdiction.

A notice of appeal is generally due to be filed within thirty days after the judgment is signed. *See* TEX. R. APP. P. 26.1. A timely filed post-judgment motion will extend the deadline to file the notice of appeal to ninety days after the judgment

is signed. *See* TEX. R. APP. P. 26.1(a). But a party may file a notice of restricted appeal within six months after the judgment or order is signed. *See* TEX. R. APP. P. 26.1(c).

Rule 30 of the Texas Rules of Appellate Procedure, dealing with restrictive appeals, provides:

> A party who did not participate—either in person or through counsel— in the hearing that resulted in the judgment complained of and who did not timely file a postjudgment motion or request for findings of fact and conclusions of law, or a notice of appeal within the time permitted by Rule 26.1(a), may file a notice of appeal within the time permitted by Rule 26.1(c).

TEX. R. APP. P. 30. A restricted appeal provides a party who did not participate at trial the opportunity to correct an erroneous judgment.

In a restricted appeal, the filing party must show that: (1) she filed notice of the restricted appeal within six months after the judgment was signed; (2) she was a party to the underlying lawsuit; (3) she did not participate in the hearing that resulted in the judgment complained of, and did not timely file any post-judgment motions or requests for findings of fact and conclusions of law; and (4) error is apparent on the face of the record. *See* TEX. R. APP. P. 30; *Ex parte E.H.*, 602 S.W.3d 486, 495 (Tex. 2020). The first three requirements are jurisdictional, but the fourth one is not. *See Ex parte E.H.*, 602 S.W.3d at 497 (holding that fourth requirement is not jurisdictional as it requires analysis of merits of appellant's grounds for appeal).

2

Documents filed with our Court include a motion for new trial filed by Valverde with the trial court on April 11, 2023. The reporter's record filed with our Court further demonstrates that a hearing on Valverde's motion for new trial was held on April 24, 2023. Valverde was present for the hearing and was represented by counsel. At the conclusion of the hearing, the trial court denied Valverde's motion, finding that Valverde was not a party to the adoption and lacked a legal basis for filing the motion for new trial.

Appellate courts lack jurisdiction over a restricted appeal when the appellant filed a timely post-judgment motion. *See P & A Real Estate, Inc. v. Am. Bank of Tex.*, 323 S.W.3d 618, 619 (Tex. App.—Dallas 2010, no pet.); *Ameriquest Mortg. Co. v. Marron*, No. 14-13-00340-CV, 2013 WL 2444602, at \*4 (Tex. App.—Houston [14th Dist.] June 4, 2013, pet. denied). Here, because Valverde filed a timely post-judgment motion for new trial, we lack jurisdiction and must dismiss the appeal. *See Ameriquest*, 2013 WL 2444602, at \*4.

On February 27, 2025, the Clerk of this Court notified Valverde that her appeal was subject to dismissal for lack of jurisdiction unless Valverde filed a written response by March 10, 2025 demonstrating our Court's jurisdiction to consider her appeal. Valverde did not respond.

Accordingly, we dismiss the appeal for lack of jurisdiction. Any pending motions are dismissed as moot.

## PER CURIAM

Panel consists of Justices Guerra, Caughey, and Morgan.